MAY, C.J.
In these consolidated appeals, a medical provider, the assignee of two independent insureds, appeals a final summary judgment concerning the application of the 2008 PIP statute to two policies that were in existence at the time of the statute’s enactment. The county court granted summary judgment for the insurer, finding that the 2008 PIP statute allowed the insurer to pay less than 80% of the fee charged. The court then certified the following question:
Whether the fee schedules included in the legislature’s January 1, 2008 reenactment/revision to the Florida no-fault law apply to policies which were in force on January 1, 2008, and which contained no-fault endorsements issued prior to the insured’s date of accident.
This court accepted discretionary review, pursuant to Florida Rule of Appellate Procedure 9.030(b)(4)(A). We answer the question in the negative. We therefore reverse and remand the case to the county court.
The healthcare provider filed two separate lawsuits against the insurer for unpaid PIP benefits. In both cases, the insureds had assigned their PIP benefits to the healthcare provider. Each insured had an insurance policy in effect prior to the enactment of the 2008 PIP statute, section 627.736, Florida Statutes (2008). Each insured sustained injuries after the statute was enacted.
Each policy stated that the Insurance Company “will pay, in accordance with the Florida Motor Vehicle No-Fault Law, as amended ... 80% of medical expenses.” The insurer reimbursed the medical expenses in an amount equal to 200% of the Medicare fee schedule in accordance with the formula set forth in section 627.736(5)(a)2.f, Florida Statutes (2008).
Both parties moved for summary judgment. The insurer argued that the 2008 PIP statute enabled it to use the Medicare fee schedule to calculate the reimbursement owed to the healthcare provider. The provider argued that it was entitled to receive payment in accordance with the terms of the policy. The county court entered summary judgment for the insurer, concluding that, because the insurance policy incorporated the 2008 No-Fault Law, the insurer could reimburse the provider pursuant to the fee schedule in section 627.736(5)(a)2.f. The county court then certified the question to us.
The answer to the certified question is dictated by our recent opinion in Kingsway Amigo Insurance Co. v. Ocean Health, Inc., 63 So.3d 63 (Fla. 4th DCA 2011). In Kingsway, we held “when the insurance policy provides greater coverage than the amount required by statute, the terms of the policy will control.” Id. at 68. As in Kingsway, the policy here provided that it would pay 80% of reasonable medical expenses. The fact that the 2008 statute would allow the insurer to opt for another lesser amount does not permit the insurer to do so when the policy specifically provides for payment of 80% of reasonable expenses incurred. Simply indicating that the insurer would pay in accordance with the law “as amended,” is insufficient to place the insured on notice of its intent to pay less than 80% of reasonable expenses incurred as stated in the policy.
Further, as noted recently by the Third District Court of Appeal: “A policy indicating that an insurer may distribute reimbursements according to one method without clarifying alternative methods or identifying the factors to be considered in selecting among methods is ambiguous. Ambiguities in insurance contracts are resolved in favor of the insured.” Geico Indem. Co. v. Virtual Imaging Servs., Inc., *843 79 So.3d 55, 58 (Fla. 3d DCA 2011) (citing State Farm Mut. Auto. Ins. Co. v. Menendez, 70 So.3d 566, 570 (Fla.2011)).[1]
For these reasons, we reverse and remand the case to the county court.

Reversed and Remanded.

HAZOURI and DAMOORGIAN, JJ., concur.

. The providers also argued that applying the 2008 statute to a policy issued in 2007 constituted an unconstitutional retroactive application of the statute. Because that argument appears to have been abandoned at oral argument, we do not address the issue.