[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-15837

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 25, 2012
JOHN LEY
CLERK

D.C. Docket No. 0:10-cv-60354-UU

COASTAL NEUROLOGY, INC.,
individually and on behalf of all others similarly situated,

Plaintiff - Appellant,

versus

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 25, 2012)

Before CARNES and HULL, Circuit Judges, and ROTHSTEIN,[*] District Judge.

PER CURIAM:

Coastal Neurology, Inc., appeals the district court's order denying its

_____

[*]Honorable Barbara Jacobs Rothstein, United States District Judge for the Western
District of Washington, sitting by designation.

motion for class certification. The district court reasoned that individual issues of fact would predominate over the general issues of law and fact during the adjudication of this case, and on that basis determined that Coastal failed to satisfy the predominance, superiority, and typicality requirements of Federal Rule of Civil Procedure 23. After carefully reviewing the record, reading the briefs, and hearing oral argument from Coastal and defendant State Farm Mutual Automobile Insurance Company, we conclude that the district court did not abuse its discretion in entering the November 30, 2010 order denying class certification and the resulting December 12, 2010 order dismissing Coastal's complaint for lack of subject matter jurisdiction.

The district court applied the correct legal standard from Rule 23. Coastal contends that the court misapplied Klay v. Humana, Inc., 382 F.3d 1241 (11th Cir. 2004), and our other class certification precedent. We disagree, and in any event, "as long as the district court's reasoning stays within the parameters of Rule 23's requirements . . ., the district court decision will not be disturbed." Babineau v. Fed. Express Corp., 576 F.3d 1183, 1189 (11th Cir. 2009) (quotation marks omitted). It did.

In performing its Rule 23(b)(3) predominance analysis, the district court did not err in considering the individualized defenses that State Farm would have to

the proposed class members' claims. As this Court noted in the Klay decision, "[i]n determining whether class or individual issues predominate in a putative class action suit, we must take into account the claims, defenses, relevant facts, and applicable substantive law . . . ." Klay, 382 F.3d at 1254 (quotation marks omitted). Although a district court may not resolve the merits of a case when ruling on a Rule 23 motion, see Heffner v. Blue Cross and Blue Shield of Ala., Inc., 443 F.3d 1330, 1337 (11th Cir. 2006), the court may, and sometimes must, inquire into the merits in order to determine whether the requirements of Rule 23 have been satisfied, see Valley Drug Co. v. Geneva Pharms., Inc., 350 F.3d 1181, 1188 n.15 (11th Cir. 2003). That kind of limited inquiry is all that the district court undertook in this case. See also Walmart Stores, Inc. v. Dukes, — U.S. —, 131 S.Ct. 2541, 2551–52 (2011) ("[S]ometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question . . . [, which] generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." (quotation marks and citations omitted)); Babineau, 576 F.3d at 1191 ("The predominance inquiry requires an examination of the claims, defenses, relevant facts, and applicable substantive law . . . ." (quotation marks omitted)); Heaven v. Trust Bank Co., 118 F.3d 735, 738 (11th Cir. 1997) (stating that the existence of "individual defenses"

3

for each case in the proposed class "is a proper factor for consideration" in the Rule 23(b) analysis); Huff v. N.D. Cass Co. of Ala., 485 F.2d 710, 714 (5th Cir. 1973) (en banc) ("It is inescapable that in some cases there will be overlap between the demands of [Rule] 23(a) and (b) and the question of whether [a] plaintiff can succeed on the merits.").[1]

We are not persuaded by Coastal's claim that State Farm waived its right to assert individualized defenses by not listing them in an "itemized specification" during the claims review process. Fla. Stat. § 627.734(4)(b). Florida's Motor Vehicle No-Fault Law explicitly states that insurers may, "at any time," assert that a claim for benefits "was unrelated, was not medically necessary, or was unreasonable." Id. Because State Farm can raise those defenses "at any time," they were properly considered in the district court's Rule 23 analysis.

Finally, we reject Coastal's contention that the district court resolved the merits of the legal dispute at the heart of this case by using language about "permissible" and "impermissible" edits. While the district court's language was not as precise as it could have been, we are not convinced that the court meant to, or did, use that language to announce a resolution of the merits. Instead, we think

---

[1]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

the district court used that language to differentiate between those cases in which State Farm might have some individualized, non-edits defense to a claim for benefits from those cases in which State Farm might not have such a defense. By doing so, the court recognized that the question of whether individualized, non-edits defenses could be raised by State Farm was an unresolved issue.

**AFFIRMED.**