**ALL FAMILY CLINIC OF DAYTONA BEACH INC., Plaintiff,**

v.

**STATE FARM MUTUAL AUTOMOBILE INS., CO., Defendant.**

No. 09–60902–CIV.

United States District Court, S.D. Florida.

March 7, 2012.

Eric Lee, Lee & Amtzis, P.L., Cullin Avram O'Brien, Paul Jeffrey Geller, Stuart Andrew Davidson, Robbins Geller Rudman &

Dowd LLP, Boca Raton, FL, Kimberly P. Simoes, The Simoes Law Group, P.A., Deland, FL, Amy Lane Hurwitz, Carlton Fields, Miami, FL, for Plaintiff.

Benjamine Reid, Amy Lane Hurwitz, Carlton Fields, Miami, FL, for Defendant.

## ORDER ON MOTION FOR CLASS CERTIFICATION

URSULA UNGARO, District Judge.

THIS CAUSE is before the Court upon Plaintiff's Motion for Class Certification (the "Motion") (D.E. 25), Defendant's Response (D.E. 35), and Plaintiff's Reply (D.E. 44.)

THE COURT has considered the Motions, the parties' supplemental briefing on class certification (D.E. 88–89), and is otherwise fully advised in the premises.

### I.  Background

At issue in the instant Motion is whether Plaintiff, All Family Clinic of Daytona Beach, Inc. ("AFC"), has met the requirements for class certification under Fed. R. Civ. Pr. 23. ("Rule 23"). AFC contends that Defendant, State Farm Mutual Automobile Ins., Co. ("State Farm"), must reimburse AFC for performing MRI services on State Farm's insureds at a uniform rate, which can be calculated simply by doubling the amount allowed for MRIs under Medicare Part B's participating physicians schedule for 2007 ("PPFS"). State Farm responds that the PPFS is not applicable, and that its contract with AFC, as well as Florida law, permit it to consider the "reasonableness" of each charge. The Court agrees with State Farm that individual issues predominate, and

therefore denies AFC's Motion for the reasons herein stated.

### II.  Class Allegation

AFC brings a two-count complaint, seeking damages and declaratory relief, under Rule 23 on behalf of a class defined as comprising "Florida Health care providers whose bills for MRI services rendered to State Farm insureds were reduced or not paid based on the Outpatient Prospective Payment System." [1]  (D.E. 1.) AFC describes itself as a typical class member, and alleges, in Count 1, that State Farm breached its contract, causing damages, when it improperly reduced its payments for the MRI services that AFC provided.  (*Id.*) In Count 2, AFC seeks a declaratory judgment as to whether State Farm has improperly reduced payment for the MRI services that AFC rendered.[2]  (*Id.*)

### III.  Legal Standard

A court may certify a class action only if the court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23 have been met.  *Gilchrist v. Bolger,* 733 F.2d 1551, 1555 (11th Cir.1984). A plaintiff seeking class certification carries the burden of proof.  *Rutstein v. Avis Rent–A–Car Sys., Inc.,* 211 F.3d 1228, 1233 (11th Cir.2000). The plaintiff must prove that Rule 23(a) requirements are met and that at least one of the standards of Rule 23(b) is appropriate for the relief sought.  *Turner v. Beneficial Corp.,* 242 F.3d 1023, 1025 (11th Cir.2001).

Rule 23(a) contains an implicit, threshold requirement that the proposed class be "adequately defined and clearly ascertainable."  *See e.g., Rink v. Cheminova,*

1. At summary judgment, the Court ruled against State Farm, determining that the applicable Florida statute did not permit State Farm to use the Outpatient Prospective Payment System (OPPS) to cap reimbursements.  (D.E. 52) The Eleventh Circuit affirmed.  (D.E. 78.)

2. This count is barred due to the Supreme Court's decision in *Wal–Mart Stores, Inc. v. Dukes,* —— U.S. ——, 131 S.Ct. 2541, 180 L.Ed.2d 374 (2011). The Court unanimously held that Rule 23(b)(2) "does not authorize class certification when each class member would be entitled to an individualized award of monetary damages."  *Id.* at 2557. In the case at bar the monetary relief sought predominates any declar-

atory or injunctive relief requested. As in *Wal–Mart,* this Court found in *DWFII, Corp. v. State Farm Mut. Ins. Co.,* 271 F.R.D. 676 (S.D.Fla. 2010) that requested damages predominate claims for declaratory judgment. Where the court must calculate money damages individually for each class member, *DWFII* maintained that putative class members would "have to introduce new factual details, such as whether each treatment was actually performed and whether each bill was properly completed."  *Id.* at 686. Accordingly, "the Court would be unable to use objective standards to calculate money damages" and therefore, damages will not be incidental to the injunctive and declaratory relief.  *Id.*

*Inc.*, 203 F.R.D. 648, 649 (M.D.Fla.2001) (citing *DeBremaecker v. Short,* 433 F.2d 733, 734 (5th Cir.1970) ("It is elementary that in order to maintain a class action, the class sought to be represented must be adequately defined and clearly ascertainable")).[3] Rule 23(a) further contains four explicit prerequisites: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. Pr. 23(a). These elements are referred to as "numerosity, commonality, typicality, and adequacy of representation." *Valley Drug Co. v. Geneva Pharm., Inc.,* 350 F.3d 1181, 1188 (11th Cir.2003). Additionally, a court may only certify a class action if at least one of the three alternative requirements of Rule 23(b) has been met. *Pickett v. Iowa Beef Processors,* 209 F.3d 1276, 1279 (11th Cir.2000).

Certification of the damages class under Rule 23(b)(3) requires a plaintiff to establish that "the question[s] of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to all other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. Pr. 23(b)(3). The Eleventh Circuit has further explained that "[w]hether an issue predominates can only be determined after considering what value the resolution of the class-wide issue will have in each class member's underlying cause of action." *Vega v. T-Mobile, USA, Inc.,* 564 F.3d 1256, 1270 (11th Cir.2009). According to another recent Eleventh Circuit ruling:

Common issues of fact and law predominate if they "ha[ve] a direct impact on every class member's effort to establish liability and ... entitlement to .... relief" ... [C]ommon issues will not predominate over individual questions if, "as a practical matter, the resolution of [an] overarching common issue breaks down into an unman-

ageable variety of individual legal and factual issues."

*Babineau v. Federal Express Corp.,* 576 F.3d 1183, 1191 (11th Cir.2009) (citations omitted).

In determining whether to certify a class, a district court has broad discretion. *Washington v. Brown & Williamson Tobacco Corp.,* 959 F.2d 1566, 1569 (11th Cir.1992). "Although a court should not determine the merits of a case at the class certification stage, the court can and should consider the merits of the case to the degree necessary to determine whether the requirements of Rule 23 will be satisfied." *Valley Drug,* 350 F.3d at 1188 n. 15; *see also Hudson v. Delta Air Lines,* 90 F.3d 451, 457 (11th Cir.1996) (stating it is sometimes necessary to probe behind the pleadings before coming to rest on the certification question).

## IV. *Analysis*

AFC argues that State Farm is judicially estopped from contesting the present Motion, and, in any event, that State Farm's scheme of categorically limiting its MRI reimbursements to AFC at the OPPS cap establishes a common question of law and fact pursuant to Rule 23. (D.E. 25.) State Farm responds that AFC's misinterprets the relevant precedent on judicial estoppel, and that Florida law permits State Farm in the present litigation to examine the "reasonableness" of each charge, in which event individual questions of law and fact predominate those common to all class members here.

### A. Judicial Estoppel

"Judicial estoppel is an equitable doctrine invoked at a court's discretion, designed to protect the integrity of the judicial process." *Stephens v. Tolbert,* 471 F.3d 1173, 1177 (11th Cir.2006). Its purpose is "to prevent a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding." *Id.* (quoting *Transamerica Leasing,*

---

3. In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent the deci-

sions of the former Fifth Circuit handed down prior to October 1, 1981.

692

*Inc. v. Inst. of London Underwriters,* 430 F.3d 1326, 1335 (11th Cir.2005)).

■ AFC claims that State Farm is judicially estopped from opposing the present Motion because it supported class certification in a "nearly identical proceeding," *Altamonte Springs Imaging, L.C. v. State Farm Mut. Auto. Ins.,* 12 So.3d 850 (Fla. 3rd DCA 2009). (D.E. 25.) AFC's summary of *Altamonte Springs* is unavailing because Plaintiff neglects critical substantive differences between that case and the present one. Most importantly, the plaintiff in *Altamonte Springs* claimed that State Farm was at fault when it failed to apply the consumer price index (CPI) adjustment, as required by Florida law, to the reimbursements that it owed MRI providers. (D.E. 25–1, p. 5). In *Altamonte Springs,* State Farm never contested the "reasonableness" of the underlying charges. In the present litigation, State Farm does not agree that the charges at issue are reasonable; rather, State Farm claims that it has a contractual right, supported by Florida law, to review each charge and concludes it is unreasonable, to contest it. Thus, State Farm's position that the plaintiff in *Altamonte Springs* had established a class where it deemed the underlying charges to be reasonable is not "entirely inconsistent" with State Farm's position here that AFC has not established a class when, from State Farm's view, any of the particular charges at issue could be challenged as unreasonable. Additionally, *Altamonte Springs,* unlike the present action, involved the certification of a settlement class. In *Altamonte Springs,* for example, State Farm waived several substantive defenses, the significance of which was noted by the trial court. (D.E. 35, p. 6.) In this case, State Farm retains these same defenses and that fact further differentiates its posture toward class certification in *Altamonte Springs* and the present litigation. As such, the Court declines to apply judicial estoppel to preclude State Farm's opposition to the instant Motion.

**B. PPFS v. Reasonableness**

■ The dispositive question presented by the Motion at issue is whether State Farm's improper use of the OPPS cap to discount MRI claims satisfies the "predominance" requirement of Rule 23(b). Where, after adjudication of the class-wide issues, the plaintiff must still introduce a substantial amount of individualized proof to establish most or all of the elements of its individual claim, the class is not suitable for certification under Rule 23(b)(3). *Vega v. T–Mobile, USA, Inc.,* 564 F.3d 1256, 1270 (11th Cir.2009). AFC argues that common class questions predominate here because the correct resolution of the case at bar requires "a simple mathematical calculation of subtracting the amount the class should have been paid under the [PPFS] from the amount the class was paid by State Farm." (D.E. 89, p. 4–5.) State Farm disagrees with AFC's claim that a simple substitution of the PPFS formula for the OPPS cap is warranted across the putative class here. Relying upon its contract with AFC and Florida law, State Farm insists instead that it may reevaluate each charge for reasonableness, thus requiring AFC to produce a substantial amount of individualized proof to demonstrate that each disputed charge was should be reimbursed in whole or in part.

The contract between State Farm and AFC does not require State Farm to reimburse MRI providers uniformly accordingly to the PPFS formula. Rather, the contract obligates State Farm to reimburse eighty percent "of all reasonable expenses." (D.E. 88, p. 4.) Moreover, State Farm contends that Florida law permits it to challenge the reasonableness of an expense even during litigation, well after State Farm has, in fact, reimbursed the MRI provider for the now disputed charge. Here, State Farm refers to Fla. Stat. § 627.736(4)(b), which provides that an insurer may assert that a claim was unreasonable "at any time, including after payment of the claim or after the 30–day time period for payment set forth in this paragraph." In affirming this Court's class certification denial in a separate case also involving State Farm, the Eleventh Circuit recently interpreted this same provision of Florida law to permit State Farm to assert individualized defenses during litigation. "We are not persuaded by Coastal's claim that State Farm waived its right to assert

individualized defenses by not listing them in an 'itemized specification' during the claims review process." *Coastal Neurology, Inc. v. State Farm Mut. Auto. Ins. Co.*, 458 Fed. Appx. 793, 795 (11th Cir.2012). Citing the pertinent provision, the Eleventh Circuit commented that Florida's Motor Vehicle No–Fault Law "explicitly states that insurers may 'at any time,' assert that a claim for benefits was 'was unrelated, was not medically necessary, or was unreasonable.' " *Id.* Finally, the Eleventh Circuit stated that when considering whether to certify the class, it was appropriate to consider the insurer's assertion that the charges at issue were unreasonable. "Because State Farm can raise those defenses 'at any time,' they were properly considered in the district court's Rule 23 analysis." *Id.*

AFC argues that State Farm cannot avail itself of the "at any time" provision of § 627.736(4)(b) because it has elected to reimburse AFC according to a fee schedule-based formula, and therefore can no longer consider the reasonableness of each charge. In *Kingsway Amigo Ins. Co. v. Ocean Health, Inc.*, Florida's Fourth District Court of Appeal explained that Fla. Stat. § 627.736 provides insurers a choice between two payment calculation methodologies. 63 So.3d 63 (Fla. 4th DCA 2011). The first method, detailed in Fla. Stat. § 627.736(1)(a) and (5)(a)(1) requires that insurers reimburse eighty percent of all reasonable expenses. The second method, established by Fla. Stat. § 627.736(5)(a)(2)(a)–(f) authorizes insurers to limit their reimbursements to eighty percent of the listed schedule of maximum charges, included in which is the PPFS. Relevant to the present motion, the *Kingsway* court held further that an insurer's choice of method could be binding, but looked to the contract between the insurer and the provider to determine whether the insurer had so elected to bind itself to one of the two methods available under the Florida statute. *Id.* *See also, Geico Indemnity, Co. v. Virtual Imaging Services, Inc.*, 79 So.3d 55 (Fla. 3d DCA 2011) and *DCI MRI, Inc. v. Geico Indem. Co.*, 79 So.3d 840 (Fla. 4th DCA 2012) (examining the terms of the policy to determine whether the insurer made a binding election).

Here, AFC claims that because State Farm elected to reimburse AFC according to a scheduled amount—relying, albeit, on an unauthorized schedule—it opted for the second method described by *Kingsway.* However, State Farm elected in its contract to reimburse AFC eighty percent of "reasonable expenses," never mentioning the other reimbursement option. Additionally, the decision by State Farm to reimburse AFC according to the OPPS formula does not, by itself, necessarily establish that State Farm bound itself by its performance to the second reimbursement method. Here, State Farm presents testimony from a section manager, who attests that State Farm never elected to reimburse AFC according to a method other than the reasonableness method specified in the contract. According to the manager, State Farm considered reimbursements calculated in reference to OPPS to be reasonable. (D.E. 88–1).

## V. CONCLUSION

In summary, the Court finds that § 627.736(4)(b) permits State Farm, barring a contractual provision stating otherwise, to consider the "reasonableness" of each charge "at any time," including the present litigation. *See, Coastal Neurology, Inc., supra,* at 795. Since the parties did not agree contractually to limit State Farm's reimbursement options to an amount set by a fee scheduled, AFC's argument that State Farm "elected" to reimburse Plaintiff according to a uniform method fails. Because the "reasonableness" of each charge requires a substantial amount of individualized proof to establish most or all of the elements of its individual claim, the Court concludes that a class here is not suitable for certification under Rule 23(b)(3). *See Vega, supra,* at 1270. Accordingly, it is hereby

ORDERED AND ADJUDGED that Plaintiff's Motion is DENIED.

It is FURTHER ORDERED AND ADJUDGED that Plaintiff's Motion for Supplemental Briefing (D.E. 91) is DENIED.