CANADY, J.,
dissenting.
I would answer the rephrased certified question in the affirmative, quash the decision on review, and disapprove DCI MRI, Inc. v. Geico Indemnity Co., 79 So.3d 840 (Fla. 4th DCA 2012); Geico Indemnity Co. v. Virtual Imaging Services, Inc. (Virtual I), 79 So.3d 55 (Fla. 3d DCA 2011); and Kingsway Amigo Insurance Co. v. Ocean Health, Inc., 63 So.3d 63 (Fla. 4th DCA 2011). Accordingly, I dissent.
The view adopted by the majority and the district courts rests on the interpretive fallacy that sections 627.736(5)(a)l and 627.736(5)(a)2, Florida Statutes (2008), respectively establish mutually exclusive payment methodologies. This reading of the statute effectively detaches section 627.736(5)(a)2 from the foundational provision regarding medical benefits in section 627.736(l)(a), which requires payment of “[ejighty percent of all reasonable expenses for medically necessary” services. Under the majority’s reading of the statute, reimbursement in accordance with section 627.736(5)(a)2 does not constitute reimbursement based on “reasonable expenses” and thus does not meet the basic requirement of section 627.736(1), unless the relevant policy specifically incorporates the provisions of section 627.7365(a)(2). This reading should be rejected because it is inconsistent with the unambiguous and unconditional authorization contained in section 627.736(5)(a)2. Contrary to the majority’s view, section 627.736(5)(a)2 should be read as a safe harbor under which payment made in accordance with its provisions constitutes payment that satisfies both the requirement of section 627.736(1) for reimbursement based on “reasonable expenses” and the policy requirement for payment of eighty percent of medical expenses in accordance with the terms of the Florida Motor Vehicle No-Fault Law, §§ 627.730-627.7405, Fla. Stat. (2008).
The majority relies on Kingsway ⅛ dichotomy between section 627.736(l)(a) and section 627.736(5)(a)l, on the one hand, and section 627.736(5)(a)2, on the other hand. The majority adopts the reasoning of Kingsway that sections 627.736(l)(a) and 627.736(5)(a)l contain “the only payment methodology referenced” in a policy defining “medical expenses as those that [the insurer] is required to pay ‘that are reasonable expenses for medically neces *161 sary ... services.’ ” 63 So.3d at 67. This analysis hinges on a misunderstanding of the “permissive” character of section 627.736(5)(a)2. The majority reads the statutory provision as though it contains an authorization for insurers to include a policy provision permitting payment according to the terms of the statutory provision. But that is not what the statute says. It provides that “[t]he insurer may limit reimbursement” in accordance with its terms. § 627.736(5)(a)2, Fla. Stat. It does not say that an insurer may include a policy provision providing for the limitation of reimbursement in accordance with the statutory terms. Accordingly, the decision of the majority essentially rewrites the provisions of section 627.736(5)(a)2. It places a condition on the operation of the statutory provision that is simply not contained in the text of the statute.
Nothing in the statute suggests that an insurer must make a one-time election between section 627.736(5)(a)l and section 627.736(5)(a)2. Nor does anything in the statute suggest that section 627.736(5)(a)2 is operative only if it is specifically referred to in the text of the relevant policy. Payment in accordance with section 627.736(5)(a)2 is entirely consistent with the applicable policy provision here that the insurer “will pay, in accordance with, and subject to the terms, conditions, and exclusions of the Florida Motor Vehicle No-Fault Law, as amended, to or for the benefit of the injured person ... 80% of medical expenses.”
POLSTON, C.J., concurs.