[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 5, 2006
THOMAS K. KAHN
CLERK

No. 06-12831
Non-Argument Calendar

_____

D. C. Docket No. 04-60802-CV-JIC

GERALD STEPHENS,

Plaintiff-Appellant,

versus

THOMAS TOLBERT, ID #762,
KENNETH E. DUARTE, ID #513,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(December 5, 2006)**

Before DUBINA, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

The main issue presented by this appeal is one of first impression for this

Circuit: whether the district court abused its discretion by accepting an argument raised for the first time in objections to the report and recommendation of a magistrate judge. Gerald Stephens, a Florida prisoner, appeals pro se the summary judgment against his complaint of false arrest by Delray Beach police officers Thomas Tolbert and Kenneth E. Duarte. The district court granted summary judgment on the basis of an argument raised for the first time by Tolbert and Duarte in their objections to the report and recommendation of a magistrate judge. Because we conclude that the district court did not abuse its discretion by accepting an argument that had not been presented to the magistrate judge or by declining to invoke the doctrine of judicial estoppel, we affirm.

## I. BACKGROUND

On August 28, 2002, Tolbert and Duarte were involved in an incident during which Stephens was arrested. Stephens argues, and Tolbert and Duarte do not contest, that the State of Florida never established in Florida state court that probable cause existed to arrest Stephens for burglary or possession of proceeds from a burglary. On June 17, 2004, Stephens, who was and remains incarcerated on an unrelated charge, filed a complaint in federal district court and alleged that Tolbert and Duarte are liable to him for damages based on violations of his federal civil rights. See 42 U.S.C. § 1983.

2

The district court referred the case to a magistrate judge for pretrial rulings on all nondispositive motions and for a pretrial report and recommendation about any dispositive motions. In a motion for summary judgment, Tolbert and Duarte asserted qualified immunity as a defense and contended that probable cause or arguable probable cause existed to arrest Stephens for use of an improper vehicle license tag or burglary. The magistrate judge recommended that the motion be denied, because Tolbert and Duarte did not have actual or arguable probable cause to arrest Stephens for use of an improper vehicle license tag, burglary, or possession of proceeds from a burglary. Tolbert and Duarte objected to the report and recommendation of the magistrate judge and contended for the first time that actual or arguable probable cause existed to arrest Stephens for loitering and prowling.

The district court agreed with Tolbert and Duarte, rejected in part the report and recommendation of the magistrate judge, and granted summary judgment against Stephens. The district court acknowledged that Tolbert and Duarte had not made any argument to the magistrate judge about probable cause to arrest Stephens for loitering and prowling, but considered their argument over an objection by Stephens and concluded that Tolbert and Duarte did have arguable probable cause to arrest Stephens. The district court also declined a request by Stephens to invoke

3

the doctrine of judicial estoppel against Tolbert and Duarte.

## II. STANDARDS OF REVIEW

We review for abuse of discretion the treatment by a district court of a report and recommendation of a magistrate judge. See United States v. Raddatz, 447 U.S. 667, 100 S. Ct. 2406 (1980); see also Thomas v. Arn, 474 U.S. 140, 154, 106 S. Ct. 466, 474 (1985). We review a grant of summary judgment de novo, McCormick v. City of Fort Lauderdale, 333 F.3d 1234, 1242-43 (11th Cir. 2003), but review "the application of judicial estoppel for abuse of discretion," Transamerica Leasing, Inc. v. Inst. of London Underwriters, 430 F.3d 1326, 1331 (11th Cir. 2005).

## III. DISCUSSION

To resolve this appeal, we must address two matters: (1) whether the district court abused its discretion by accepting an argument that had not been presented to the magistrate judge; and (2) whether the district court abused its discretion by declining to invoke the doctrine of judicial estoppel against Tolbert and Duarte. On each issue, we conclude that the district court did not abuse its discretion.

*A. The District Court Did Not Abuse Its Discretion by Accepting an Argument That Had Not Been Presented to the Magistrate Judge.*

Stephens contends that the district court was barred from considering an argument not previously presented to the magistrate judge and relies on decisions of two of our sister circuits in which the district court refused to consider an

4

argument that had not been presented to the magistrate judge. See Greenhow v. Sec'y of Health & Human Servs., 863 F.2d 633, 638-39 (9th Cir. 1988), overruled on other grounds by United States v. Hardesty, 977 F.2d 1347, 1348 (9th Cir. 1992) (en banc); Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 990-91 (1st Cir. 1988). Tolbert and Duarte counter that the Fourth Circuit has held that a district court must consider an argument in support of a dispositive motion even though that argument had not been presented to the magistrate judge. See United States v. George, 971 F.2d 1113, 1118 (4th Cir. 1992). In addition, the Fifth and Tenth Circuits have refused to consider an argument that was not first presented to the magistrate judge. See Marshall v. Chater, 75 F.3d 1421, 1426-27 (10th Cir. 1996); Cupit v. Whitley, 28 F.3d 532, 535 (5th Cir. 1994). All of these decisions are inapposite, however.

We need not decide whether a district court must consider an argument that had not been presented to the magistrate judge or whether we must consider such an argument. The issue before us is narrower: whether a district court abuses its discretion when it accepts an argument that had not been presented to the magistrate judge. Our resolution of this issue depends on an analysis of the statutory and constitutional relationship between the district court and the magistrate judge.

The district court acted within its broad discretion when it considered and accepted an argument that had not been presented to the magistrate judge. Contrary to Stephens's argument, a referral of a dispositive motion to a magistrate judge is necessarily limited, but the review by the district court is not. When a district court refers a dispositive motion to a magistrate judge for a report and recommendation, the district court retains, as a statutory and a constitutional matter, broad discretion over the report and recommendation.

Under the Federal Magistrates Act, "the magistrate [judge] has no authority to make a final and binding" ruling on a dispositive motion. Raddatz, 447 U.S. at 673, 100 S. Ct. at 2411. A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" and also "may . . . receive further evidence or recommit the matter to the magistrate with instructions." 28 U.S.C. § 636(b)(1). Even if no objections to the findings or recommendations have been filed, the district court may undertake "further review . . . , sua sponte or at the request of a party, under a de novo or any other standard." Thomas, 474 U.S. at 154, 106 S. Ct. at 474. Based on Article III of the Constitution, the Supreme Court has held that "a district court may refer dispositive motions to a magistrate for a recommendation so long as the entire process takes place under the district court's total control and jurisdiction, and the

6

judge exercises the ultimate authority to issue an appropriate order." Id. at 153, 106 S. Ct. at 474 (internal quotation marks and citations omitted). In the light of this broad discretion, the district court was not barred from considering an argument of Tolbert and Duarte that had not been presented to the magistrate judge, and we conclude that the district court did not abuse its discretion by accepting the new argument.

We reject the notion that, in its review of the report and recommendation, the district court performed an appellate function and was barred, outside of exceptional circumstances, from considering an argument not raised before the magistrate judge. See Greenhow, 863 F.2d at 638-39; Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987). The relationship between district courts and magistrate judges differs significantly from the relationship between appellate courts and district courts. A "magistrate judge has no authority to make a final and binding" ruling on a dispositive motion, Raddatz, 447 U.S. at 673, 100 S. Ct. at 2411, and a district court "may . . . receive further evidence" when it reviews the report and recommendation of a magistrate judge, 28 U.S.C. § 636(b)(1). In contrast, a district court has the authority to make a final and binding ruling on a dispositive motion, and an appellate court may "consider only evidence that was part of the record before the district court," Selman v. Cobb County Sch. Dist., 449

7

F.3d 1320, 1332 (11th Cir. 2006).

This district court did not abuse its discretion. We need not decide whether the district court could have declined to consider an argument that had not been presented to the magistrate judge. That issue, which three of our sister circuits have confronted, may be resolved another day in the event that a district court declines to consider a new argument.

*B. The District Court Did Not Abuse Its Discretion by Declining To Invoke the Doctrine of Judicial Estoppel.*

Stephens alternatively contends that the district court abused its discretion by declining to invoke the doctrine of judicial estoppel against Tolbert and Duarte. Stephens asserts that the argument of Tolbert and Duarte regarding probable cause to arrest Stephens for loitering and prowling is inconsistent with earlier arguments about probable cause made by Tolbert and Duarte to the magistrate judge. The district court reasoned that Tolbert and Duarte had not persuaded a previous court to accept their earlier arguments about probable cause and they would not gain an unfair advantage by proceeding on their new argument. The district court did not abuse its discretion.

"Judicial estoppel is an equitable doctrine invoked at a court's discretion, designed to protect the integrity of the judicial process." Transamerica Leasing, 430 F.3d at 1335 (citing New Hampshire v. Maine, 532 U.S. 742, 749-50, 121 S.

8

Ct. 1808, 1814-15 (2001)).  A district court may invoke the doctrine "to prevent a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding."  Id.  "[T]he circumstances under which judicial estoppel should be invoked are not reducible to a general formulation of principle," but courts have traditionally looked at three factors: (1) whether a later position asserted by a party was clearly inconsistent with an earlier position; (2) whether a party succeeded in persuading a court to accept an earlier position, "so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled"; and (3) whether the party with an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.  Id.

None of the three factors is satisfied.  First, the new argument of Tolbert and Duarte regarding probable cause is not clearly inconsistent with their earlier arguments regarding probable cause, because a person suspected of burglary may also be suspected of loitering and prowling.  Second, Tolbert and Duarte did not persuade the magistrate judge to accept their earlier arguments.  Finally, because Stephens was given an opportunity to respond to the new argument, Tolbert and Duarte did not derive an unfair advantage.

9

## IV. CONCLUSION

The judgment against Stephens is

**AFFIRMED.**