[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 13, 2007
THOMAS K. KAHN
CLERK

No. 06-14716
Non-Argument Calendar

_____

D. C. Docket No. 05-02166-CV-T-27-EAJ

DAVID W.R. BROWN,

Plaintiff-Appellant,

versus

UNITED STATES PATENT AND TRADEMARK OFFICE,
JON DUDAS,
MICHAEL BRISKIN,
LISA BELASCO, U.S. Patent and Trademark Office,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(February 13, 2007)**

Before TJOFLAT, HULL and PRYOR, Circuit Judges.

PER CURIAM:

David W.R. Brown appeals, pro se, the summary judgment against his complaint for review of the denial by the United States Patent and Trademark Office of Brown's request for a waiver or reduction of the fee associated with his document request under the Freedom of Information Act (FOIA), 5 U.S.C. § 552. Brown also appeals the denial of his motion for the recusal of the magistrate judge assigned to his action. We affirm.

This Court reviews the grant of summary judgment de novo. Times Publ'g Co. v. U.S. Dep't of Commerce, 236 F.3d 1286, 1288 n.1 (11th Cir. 2001). The court reviews the denial of a motion for recusal for abuse of discretion. See Draper v. Reynolds, 369 F.3d 1270, 1274 (11th Cir. 2004).

Brown makes multiple arguments on appeal that challenge the propriety of the summary judgment against his complaint. The majority of Brown's arguments relate to his status as a pro se litigant. In addition, Brown contends that the administrative record certified by the Patent and Trademark Office was incomplete. These arguments fail.

Brown's assertions, that as a pro se litigant, he is entitled to the opportunity to present evidence, discovery, a trial, and a lesser standard of review are without merit. Although pro se pleadings are to be liberally construed, Dean v. Barber, 951

2

F.2d 1210, 1213 (11th Cir. 1992), ordinary rules of procedure and summary judgment still apply. Cf., e.g., Pugh v. Smith, 465 F.3d 1295, 1300 (11th Cir. 2006); Stephens v. Tolbert, 471 F.3d 1173, 1174 (11th Cir. 2006); Kelley v. Hicks, 400 F.3d 1282, 1283 (11th Cir. 2005).

Brown's argument that the district court erroneously relied on an incomplete administrative record also fails. The substance of Brown's argument is that the Patent and Trademark Office failed to include in the certified Administrative Record pages of information that were accessed by that office on Brown's website while his FOIA request was pending. The Administrative Record contained all the information given by Brown to the Patent and Trademark Office for a determination of his request. If information from Brown's website was necessary and relevant to the resolution of his request, it was Brown's obligation to include that information with his FOIA request. See 37 C.F.R. § 102.11(k)(5). Any information allegedly obtained from Brown's website by the Patent and Trademark Office was not part of the administrative record. The district court did not err when it relied on the certified Administrative Record. See 5 U.S.C. § 552(a)(4)(A)(vii).

Although Brown's brief contains no express argument regarding the legal basis for the summary judgment against his complaint, because Brown is pro se,

3

we nonetheless address the legal conclusions of the district court with regard to Brown's fee waiver request. The FOIA mandates that "fees shall be limited to reasonable standard charges for document duplication when records are not sought for commercial use" and the request is made by certain specified institutions, including "representative[s] of the news media." 5 U.S.C. § 552(a)(4)(A)(ii)(II). The regulations of the Patent and Trademark Office define a "representative of the news media" as "any person actively gathering news for an entity that is organized and operated to publish or broadcast news to the public." 37 C.F.R. § 102.11(b)(6). "Examples of news media entities include television or radio stations broadcasting to the public at large and publishers of periodicals (but only if they can qualify as disseminators of 'news') that make their products available for purchase or subscription by the public." Id. Freelance journalists can qualify as "representative[s] of the news media" if they "demonstrate a solid basis for expecting publication through [a news] organization." Id.

In addition, "[d]ocuments shall be furnished without any charge or at a charge reduced . . . if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii). The requester bears the burden of

4

presenting reasonably specific evidence that shows that he meets the statutory

criteria.  See 37 C.F.R. § 102.11(k)(5).

The district court did not err when it granted summary judgment.  Brown's

correspondence with the Patent and Trademark Office failed to establish that he

was a "representative of the news media" or that the information requested was

related to the activities and operations of that office.  Brown's status as the

publisher of a website does not make him a representative of the news media, and

Brown's statements regarding the purpose of his website and the traffic and notice

it has received do not establish that he broadcasts or disseminates news to the

public at large.  Brown also failed to provide an adequate explanation how the

requested information was related to the activities and operations of the Patent and

Trademark Office or why the information would contribute to the public's

understanding of that agency.

Brown's argument with regard to the bias of the magistrate judge also fails.

Section 455 of Title 28 "creates two primary reasons for recusal."  United States v.

Patti, 337 F.3d 1317, 1321 (11th Cir. 2003).  A judge "shall disqualify himself in

any proceeding in which his impartiality might reasonably be questioned," 28

U.S.C. § 455(a), and a judge should recuse himself "[w]here he has a personal bias

or prejudice concerning a party" or "[w]here in private practice he served as [a]

lawyer in the matter in controversy," id. § 455(b)(1)-(2). "Thus, the standard of review for a § 455(a) motion is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." Patti, 337 F.3d at 1321 (quotation marks and citation omitted). A party's complaints regarding "judicial rulings, routine trial administration efforts, and ordinary admonishments (whether or not legally supportable) to counsel" are not sufficient to require recusal. Liteky v. United States, 510 U.S. 540, 556, 114 S. Ct. 1147, 1158 (1994).

Under these standards, none of Brown's complaints regarding the magistrate judge or the district court requires recusal. The rulings against and admonishments of Brown do not demonstrate bias, and neither the employment of the magistrate judge, two decades ago, nor her ownership of stock in companies that may hold patents give rise to a significant doubt about her impartiality. See Patti, 337 F.3d at 1321.

The judgment of the district court is

**AFFIRMED.**