[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13115
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-03743-WBH

LAVEL ELIJAH JOHNSON,

Plaintiff-Appellant,

versus

REGIONS MORTGAGE,
GEHEREN FIRM, P.C.,
JOE TERRILL,
Vice President of Regions Mortgage,
W. ANTHONY COLLINS,
PATRICK J. GEHEREN,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(January 10, 2013)

Before DUBINA, Chief Judge, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Appellant Lavel Johnson appeals the district court's grant of Regions Mortgage *et al.*'s ("Regions") motion to dismiss his complaint for failure to state a claim. On appeal, he argues that his consent was required in order for a magistrate judge to consider the motion to dismiss, and that he did not consent. He also argues that the district court should not have denied his motion for leave to amend his complaint.

"We review for abuse of discretion the treatment by a district court of a report and recommendation of a magistrate judge." *Stephens v. Tolbert*, 471 F.3d 1173, 1175 (11th Cir. 2006). However, we do not generally consider issues raised for the first time in an appeal. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) (citing *Walker v. Jones*, 10 F.3d 1569, 1572 (11th Cir. 1994)).

We review *de novo* a district court's grant of a motion to dismiss under 12(b)(6) for failure to state a claim. *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010). We generally review the denial of a motion to amend a complaint for an abuse of discretion, but we review questions of law *de*

2

*novo*. *Williams v. Bd. of Regents of Univ. Sys. of Georgia*, 477 F.3d 1282, 1291 (11th Cir. 2007) (citations omitted). We have held that a district court may properly deny leave to amend a complaint under Rule 15(a) when the amendment would be futile. *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962)).

Under 28 U.S.C. § 1331, a district court has original jurisdiction of all civil actions that arise under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. To state a claim under 42 U.S.C. § 1983, a party needs to show that it has been deprived of a right given under the Constitution or under the laws of the United States, and the deprivation was committed under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50, 119 S. Ct. 977, 985, 143 L. Ed. 2d 130. (1999). "[M]erely private conduct, no matter how discriminatory or wrongful" is not covered under 42 U.S.C. § 1983. *Id.* at 50, 119 S. Ct. at 985 (quoting *Blum* v. *Yaretsky*, 457 U.S. 991, 1002, 102 S. Ct. 2777, 2785, 73 L. Ed. 2d 534 (1982)).

We do not need to consider Johnson's argument that the magistrate judge lacked authority to consider the motion to dismiss and issue a report and recommendation because Johnson raises this issue for the first time on appeal. *See*

3

*Access Now*, *Inc.*, 385 F.3d at 1331.  Moreover, we conclude that the district court did not abuse its discretion in denying the motion for leave to amend because the proposed amended complaint does not allege any violations of federal statutes, and it fails to state a claim for constitutional violations under 42 U.S.C. § 1983 because it alleges only private conduct.  *Am. Mfrs. Mut. Ins. Co.*, 526 U.S. at 49-50, 119 S. Ct. at 985.  Because none of Johnson's allegations state a claim that arises under federal law, the district court would lack subject matter jurisdiction over Johnson's proposed amended complaint and amendment would be futile.  *See Hall*, 367 F.3d at 1262-63; 28 U.S.C. § 1331.  Accordingly, we affirm the district court's judgment of dismissal.

**AFFIRMED.**