[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-10570

_____

D.C. Docket No. 4:12-cv-00255-HLM

MELISSA COLEMAN,

Plaintiff-Appellant,

versus

REDMOND PARK HOSPITAL, LLC,

Defendant-Appellee,

REDMOND HOSPITAL SERVICES, LLC, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(October 23, 2014)

Before WILSON and ROSENBAUM, Circuit Judges, and HUCK,[*] District Judge.


PER CURIAM:

Melissa Coleman appeals the district court's grant of summary judgment on her claim that Redmond Park Hospital, LLC (Redmond) retaliated against her when it chose not to rehire her after learning that she had taken FMLA leave during her intervening employment, in violation of the Family and Medical Leave Act (FMLA), 29 U.S.C. §§ 2601–2654.[1] Coleman worked as a registered nurse in the intensive care unit (ICU) at Redmond from 2004 until 2010, when she voluntarily transferred to another hospital in the same corporate family as Redmond. In 2012, after being terminated while on FMLA leave from the hospital to which she had transferred, Coleman applied for several ICU nurse positions at Redmond, but she was not interviewed for any of them.

Matthew Forrester, clinical nursing recruiter for Redmond, received and reviewed Coleman's application. Forrester spoke with Coleman over the telephone regarding her application. During their conversation, Forrester and Coleman discussed her application, her previous employment with Redmond, and her

---

[*] Honorable Paul C. Huck, Senior United States District Judge for the Southern District of Florida, sitting by designation.

[1] Coleman's initial complaint also named Redmond Hospital Services, LLC and Central Florida Regional Hospital, Inc. as defendants, but her claims as to them were dismissed without prejudice upon a joint motion of the parties. Her amended complaint also raised claims against Redmond under the Americans with Disabilities Act, the dismissal of which she does not challenge on appeal.

termination from the hospital to which she transferred while on FMLA leave. During discovery, Forrester testified that soon after speaking with Coleman, he received a voicemail from her in which she used profanity, was upset and crying, and raised her voice. No record of this voicemail was kept. As a result of this voicemail, Forrester testified that he rejected Coleman's candidacy. Coleman, on the other hand, testified that her voicemail was not profanity-laced and unprofessional; rather, Coleman claimed she only requested a status update on her application and asked that Forrester call her back. According to Coleman, Forrester, on behalf of Redmond, rejected her candidacy upon learning that she took FMLA leave while employed at the hospital to which she transferred.

Coleman quarrels with the district court's findings below. Coleman challenges the district court's ruling that she waived the argument that she established a factual dispute about the contents of Redmond's proffered voicemail because she failed to first present that argument to the magistrate judge. Coleman also argues that the district court erred in determining that she failed to make a sufficient evidentiary showing on the issue of pretext. She contends that her testimony about the pertinent voicemail directly contradicted Forrester's testimony about it. In addition, Forrester's testimony revealed that his notes from the telephone conversation contained two notations regarding her prior use of FMLA leave. Furthermore, there was no mention of the allegedly unprofessional

3

voicemail in Redmond's computer system, and Redmond rejected her candidacy on the same day Forrester learned Coleman had taken FMLA leave at her last job.

Redmond also challenges the district court's findings below. Redmond argues that the district court erred in deciding that Coleman established a *prima facie* case of retaliation because the statutory language of the FMLA anti-retaliation provision requires that an individual first oppose a practice made unlawful by the FMLA. *See* 29 U.S.C. § 2615(a)(2). It contends that the Department of Labor's implementing regulation clarified that individuals "are protected from retaliation for opposing (e.g. filing a complaint about) any practice which is unlawful under the [FMLA]." *See* 29 C.F.R. § 825.220(e). Redmond also argues for the first time on appeal that we should require Coleman to prove that illegal retaliation was the "but-for" cause of her non-rehire. Redmond acknowledges that, in the FMLA context, neither the Supreme Court nor this Court has required plaintiffs to prove that illegal retaliation was the "but-for" cause of the adverse employment actions suffered.

## I.

We review a district court's grant of summary judgment de novo, applying the same legal standard used by the district court. *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1242 (11th Cir. 2001). We draw all factual inferences in the light most favorable to the non-moving party. *Id.* at 1242–43.

4

We also review questions of law, including statutory interpretation, de novo. *Smith v. BellSouth Telecomms., Inc.*, 273 F.3d 1303, 1305 (11th Cir. 2001). Summary judgment is only appropriate where "there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a).

As an initial matter, we decline to address Redmond's argument that we should require Coleman to prove that her FMLA leave was the "but-for" cause of its decision not to rehire her, given the posture of the case and the fact that the argument was not raised below. *See* Fed. R. App. P. 28; *see also Doe v. Moore*, 410 F.3d 1337, 1349 n.10 (11th Cir. 2005). This argument is more appropriately addressed in the context of trial.

We now turn to the arguments that are properly before us on appeal.

## II.

We begin by disposing of Redmond's argument that the district court applied the wrong standard for determining whether Coleman established a *prima facie* case of retaliation under the FMLA. The FMLA grants private employees periods of leave for certain family or health-related events. *See* 29 U.S.C. §§ 2601–2654. It prohibits interference or retaliation against an employee for exercising rights under the Act. Specifically, it provides:

> It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter…

5

> It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter.

*Id*. § 2615(a)(1), (2). The enforcement provision of the FMLA provides that any employee may sue her employer for damages or equitable relief, for or on behalf of the employee or other employees similarly situated. *See id*. § 2617(a)(2). By regulation, the Department of Labor has also explained:

> The [FMLA's] prohibition against interference prohibits an employer from discriminating or retaliating against an employee or prospective employee for having exercised or attempted to exercise FMLA rights. . . . [E]mployers cannot use the taking of FMLA leave as a negative factor in employment actions, such as hiring . . . .

29 C.F.R. § 825.220(c). In the same regulation, the Department of Labor extends FMLA protection from retaliation to individuals, not merely employees, who oppose (e.g., file a complaint about) any practice which is unlawful under the FMLA. *See id*. § 825.220(e).

In *Smith*, we held that a *former* employee who alleges that his former employer refused to rehire him based on his past use of FMLA leave qualifies as an "employee" under the enforcement provision of the FMLA. *Smith*, 273 F.3d at 1306–07. We explained, "[i]f [a plaintiff] proves that his past use of FMLA leave was a motivating factor in [the employer's] refusal to rehire him, this is precisely the type of discrimination that the FMLA seeks to prohibit." *Id.* at 1314. Noting that the plaintiff in *Smith* had framed his claim as one of "retaliation," we also

6

explained, "[w]hile the FMLA uses the language of interference, restraint, denial, discharge, and discrimination, not retaliation, nomenclature counts less than substance.  And the substance of the FMLA is that an employer may not do bad things to an employee who has exercised or attempted to exercise any rights under the statute." *Id.* at 1313 (alterations omitted) (internal quotation marks omitted).

Redmond's argument that the district court applied the wrong standard for determining whether Coleman established a *prima facie* case of retaliation under the FMLA is supported neither by our precedent nor by the text of the Department of Labor's implementing regulations.  In *Smith*, we held that the FMLA provides a right of action to a former employee who was not rehired by his former employer because he took FMLA leave in the past.  *Id*. at 1307.  In reversing summary judgment for the defendant, we did not require the plaintiff to demonstrate that he had opposed unlawful conduct by the employer before filing his FMLA complaint. *See id.* at 1314.  For these reasons, we reject Redmond's argument.

### III.

Next, we conclude that the district court erred in finding that Coleman waived any factual dispute as to the contents of Redmond's proffered voicemail. A district court has discretion to decline to consider a party's argument when the argument was not first presented to the magistrate judge.  *Williams v. McNeil*, 557 F.3d 1287, 1291–92 (11th Cir. 2009).  Accordingly, we review for abuse of

discretion a district court's decision to consider waived an argument that was not first presented to the magistrate judge. *See id.*; *see also Stephens v. Tolbert,* 471 F.3d 1173, 1175 (11th Cir. 2006) (per curiam) ("We review for abuse of discretion the treatment by a district court of a report and recommendation of a magistrate judge.").

While Coleman argued in her memorandum in opposition to summary judgment that she did not leave a voicemail for Forrester on March 14, 2012, the question of whether a voicemail existed subsumes whether its content was profane. In his report and recommendation, the magistrate judge clearly acknowledged that there was a factual dispute regarding the content of the voicemail that Redmond alleged was unprofessional. The magistrate judge also recognized that Coleman was bound by her response to Redmond's Rule 36 request for admission, wherein Coleman admitted that she left a voicemail for Forrester within twenty-four hours of their phone conversation. The magistrate judge noted the existence of a dispute as to the timing of the message, but concluded that the relevant matter was its substance, not its timing. As we see it, the record establishes that Coleman presented this argument to the magistrate judge, and, therefore, the district court abused its discretion in ruling that Coleman waived her argument.

IV.

Finally, we conclude that the existence of a factual dispute concerning the content of the disputed voicemail renders summary judgment in favor of Redmond improper.  We have held that, to establish a *prima facie* retaliation claim under the FMLA, a plaintiff must demonstrate that: (1) she engaged in protected conduct under the FMLA; (2) she suffered an adverse employment action; and (3) there is a causal connection between the protected conduct and the adverse employment action.  *Krutzig v. Pulte Home Corp.*, 602 F.3d 1231, 1234 (11th Cir. 2010).  Ultimately, "an employee bringing a retaliation claim faces the increased burden of showing that his employer's actions were motivated by an impermissible retaliatory or discriminatory animus."  *Martin v. Brevard Cnty. Pub. Sch.*, 543 F.3d 1261, 1267–68 (11th Cir. 2008) (per curiam) (internal quotation marks omitted).

Where, as here, a plaintiff attempts to prove retaliatory intent or discriminatory animus by circumstantial evidence, the claim is subject to the methods of proof for Title VII claims set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04, 93 S. Ct. 1817, 1824–25 (1973).  *See Strickland v. Water Works & Sewer Bd. of Birmingham*, 239 F.3d 1199, 1207 (11th Cir. 2001).  Accordingly, the plaintiff bears the initial burden of presenting sufficient evidence to allow a reasonable jury to determine that she has satisfied the elements of her *prima facie* case.  *See McDonnell Douglas*, 411 U.S. at 802, 93 S. Ct. at 1824.  If

the plaintiff establishes a *prima facie* case, the burden shifts to the defendant to articulate a legitimate, non-retaliatory reason for the adverse employment action. *See id.*  If articulated, the plaintiff must show that the defendant's reason was, in fact, pretextual.  *See id.* at 804, 93 S. Ct. at 1825.

If the defendant's proffered reason is one that might motivate a reasonable employer to take the same action, the plaintiff "must meet that reason head on and rebut it."  *Chapman v. AI Transp.*, 229 F.3d 1012, 1030 (11th Cir. 2000) (en banc). However, we have emphasized that, where the plaintiff establishes a *prima facie* case and offers evidence to undermine the employer's proffered legitimate reason, she need not produce direct evidence of employment discrimination.  *See Muñoz v. Oceanside Resorts, Inc.*, 223 F.3d 1340, 1346 (11th Cir. 2000) (addressing a claim under the Age Discrimination and Employment Act).

To be clear, we agree with the district court's finding that Coleman established a *prima facie* case of FMLA retaliation.  The same is true regarding the district court's finding that Redmond articulated a legitimate, non-retaliatory reason for rejecting Coleman's candidacy for employment—the alleged unprofessional voicemail.  However, contrary to the district court's finding, we believe that Coleman has offered sufficient factual evidence to undermine Redmond's proffered legitimate reason for rejecting her candidacy for employment.

10

In her memorandum in opposition to summary judgment, Coleman argued that she disputed that she left Forrester a voicemail *on the same day* as their conversation and that she had *ever* left him a voicemail that contained profanity or was otherwise unprofessional.  Coleman also incorporated—in her attached statement of material facts and in her deposition—her testimony concerning the content of the voicemail that she left for Forrester (which she had acknowledged in her deposition may have occurred within twenty-four hours of her phone conversation with Forrester), which contradicted Forrester's account of the disputed voicemail.  Coleman's version was consistent with a follow-up call requesting a status update regarding her pending application, while Forrester's version of the disputed voicemail was consistent with that of a follow-up call from a frustrated, upset, and unprofessional applicant.  Without the actual recording of the disputed voicemail, Coleman's claim depends on which version of the disputed voicemail a jury would believe.

The record establishes that the parties' accounts of the voicemail were in direct contradiction.  Given the factual dispute regarding the content of the voicemail—Redmond's sole reason for not rehiring Coleman— summary judgment for Redmond was inappropriate.  Therefore, we reverse the district court's grant of summary judgment for Redmond on Coleman's FMLA retaliation claim and remand the case for further proceedings consistent with this opinion**.**

11

**REVERSED AND REMANDED.**