[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11704
Non-Argument Calendar
_____

D.C. Docket No. 2:11-cv-03915-VEH


MELISSA KOHSER,

Plaintiff-Appellant,

versus

PROTECTIVE LIFE CORPORATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(May 5, 2016)

Before TJOFLAT, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Melissa Renee Kohser, a female over the age of 40, appeals the district court's grant of summary judgment in favor of her former employer, Protective Life Corp. ("Protective Life"), in her employment discrimination suit under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, the Alabama Age Discrimination in Employment Act ("AADEA"), and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2(a)(1).[1]  On appeal, Kohser argues that the district court erred by: (1) denying her motion to reopen discovery; (2) failing to conduct a *de novo* review of a magistrate judge's report and recommendation to grant summary judgment; and (3) granting summary judgment in favor of Protective based on the fact that she failed to show evidence that Protective's legitimate, non-discriminatory reasons for demoting and terminating her were pretexts for age or sex discrimination.  For ease of reference, we will address each point in turn.

I.

---

[1] Kohser also alleged race discrimination, sex discrimination in violation of the Equal Pay Act ("EPA"), common-law negligence in failing to discipline, train or terminate employees that retaliated, discriminated, harassed, and conspired against her, and conversion of personal property.  Kohser did not object to the magistrate judge's recommendation to grant summary judgment as to the race discrimination, sex discrimination based on the EPA, and conversion allegations, and has not articulated any argument regarding those issues on appeal, abandoning those claims. *Carmichael v. Kellogg, Brown, & Root Serv., Inc.*, 572 F.3d 1271, 1293 (11th Cir. 2009).  The district court granted summary judgment on her negligence claim, and Kohser has not articulated an argument regarding that claim on appeal, either. *Id.*

A district court's refusal to grant a continuance of a summary judgment motion in order to conduct discovery is reviewed for abuse of discretion. *Burks v. Am. Cast Iron Pipe Co.*, 212 F.3d 1333, 1336 (11th Cir. 2000). "[A] . . . court's decision to hold litigants to the clear terms of its scheduling orders is not an abuse of discretion." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1307 (11th Cir. 2011).

> Rule 56(d) states that:
>
> [i]f a nonmovant shows by affidavit or declaration that, for specified reasons, [she] cannot present facts essential to justify [her] opposition [to a summary judgment motion], the court may:
>
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations to take discovery; or
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).  Furthermore:

> [a] party requesting a continuance under [Rule 56(d)] must present an affidavit containing specific facts explaining [her] failure to respond to the adverse party's motion for summary judgment via counter affidavits establishing genuine issues of material fact for trial. The nonmovant may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts, but must show the court how the stay will operate to permit [her] to rebut, through discovery, the movant's contentions. The grant or denial of a continuance is within the sound discretion of the trial court.

*Barfield v. Brierton*, 883 F.2d 923, 931 (11th Cir. 1989) (citations omitted).

Additionally, where a nonmovant had ample time and opportunity to complete

discovery, but failed to diligently pursue her options, a motion for additional discovery should be denied. *Id.* at 932.

The district court did not err in denying Kohser's motion for additional time to complete discovery because she was not diligent in completing her discovery. Kohser was aware that her discovery was incomplete, but failed to take any action with the court until seven weeks after the discovery period closed. Thus, the district court's denial of her motion for additional time was appropriate.

## II.

A district court's treatment of a magistrate judge's report and recommendation is reviewed for abuse of discretion. *Stephens v. Tolbert*, 471 F.3d 1173, 1175 (11th Cir. 2006).

The district court must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. 28 U.S.C. § 636(b). However, where a litigant fails to offer specific objections to a magistrate judge's factual findings, there is no requirement of *de novo* review. *Garvey v. Vaughn*, 993 F.2d 776, 779 & n.9 (11th Cir. 1993). A specific objection must "identify the portions of the proposed findings and recommendation to which

objection is made and the specific basis for objection." *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989).

The district court did not err in its treatment of the magistrate judge's report and recommendation because Kohser's statement of facts in her objections to the magistrate judge's report made an ineffectual generalized objection, and the district court correctly reviewed her specific objections *de novo*.

## III.

We review a district court's order granting summary judgment *de novo*. *Brooks v. Cnty. Comm'n*, 446 F.3d 1160, 1161-62 (11th Cir. 2006). Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law, viewing all of the facts in the record in the light most favorable to the non-moving party. *Id.*; *see also* Fed. R. Civ. P. 56(a). Evidence that is merely colorable, or not significantly probative of a disputed fact, is insufficient to create a genuine issue of material fact. *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1292 (11th Cir. 2012).

Title VII prohibits certain employers from "discharg[ing] any individual, or otherwise . . . discriminat[ing] against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a)(1). When a plaintiff offers

circumstantial evidence to prove a Title VII claim, we generally use the analytical framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). *Standard v. A.B.E.L. Servs.*, 161 F.3d 1318, 1331 (11th Cir. 1998). Thus, to prove a claim for discriminatory termination and replacement, a plaintiff may "show (1) that [she] was a member of a protected class, (2) that [she] was qualified for the position, (3) that [she] was fired, and (4) that [she] was replaced by one outside the protected class." *Hawkins v. Ceco Corp.*, 883 F.2d 977, 982 (11th Cir. 1989). Under that framework, where a plaintiff-employee establishes a *prima facie* case of discrimination, and the defendant articulates a legitimate reason for its employment action, the burden shifts to the plaintiff to offer evidence that the reason is pretextual. *See Wilson*, 376 F.3d at 1087-88.

Likewise, the ADEA makes it "unlawful for an employer" to "otherwise discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). The ADEA applies to individuals who are at least 40 years of age. *Id.* § 631(a). To establish a *prima facie* case for an ADEA violation, the plaintiff may show that she (1) was a member of the protected age group, (2) was subject to adverse employment action, (3) was qualified to do the job, and (4) was

replaced by a substantially younger individual.  *See Kragor v. Takeda Pharms. Am., Inc.*, 702 F.3d 1304, 1308 (11th Cir. 2012).

A plaintiff can show pretext by demonstrating "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions" in the proffered reason for the employment action so that a reasonable factfinder could find them unworthy of credence.  *Springer v. Convergys Customer Mgmt. Group, Inc.*, 509 F.3d 1344, 1348 (11th Cir. 2007).  "However, a reason cannot be proved to be a 'pretext *for discrimination*' unless it is shown *both* that the reason was false, *and* that discrimination was the real reason."  *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515, 113 S. Ct. 2742, 2752, 125 L. Ed. 2d 407 (1993) (emphasis in original).  Accordingly, it is not enough to "*dis*believe the employer; the factfinder must *believe* the plaintiff's explanation of intentional discrimination."  *Id.* at 519, 113 S. Ct. at 2754 (emphasis in original).  Moreover, "[w]e are not in the business of adjudging whether employment decisions are prudent or fair.  Instead, our sole concern is whether unlawful discriminatory animus motivate[d] a challenged employment decision."  *Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1361 (11th Cir. 1999).

However, we have also held that the burden-shifting framework of *McDonnell Douglas* "is not, and was never intended to be, the *sine qua non* for a plaintiff to survive a summary judgment motion in an employment discrimination

case." *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1328 (11th Cir. 2011). Rather, a triable issue of fact may also exist "if the record, viewed in a light most favorable to the plaintiff, presents a convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination by the decisionmaker." *Id.* (quotation omitted). The circumstantial evidence must raise a "reasonable inference" that the employer discriminated against the plaintiff. *Id.*

The district court did not err in granting summary judgment in favor of Protective Life. The record here showed that Protective Life fired Kohser after her subordinates submitted numerous complaints about her management style and her subsequent display of detached behavior. Kohser did not provide before the district court any probative evidence that Protective's reasons for demoting and terminating her were pretextual. Because Kohser presented no evidence showing that Protective Life was actually motivated by a discriminatory animus, the district court correctly concluded that no genuine dispute of material fact existed as to Kohser's age and sex discrimination claims.

**AFFIRMED.**