[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11165
Non-Argument Calendar

_____

D.C. Docket No. 1:17-cv-01938-AT

MAHMOUD RASHAD,

Plaintiff - Appellant,

versus

FULTON COUNTY,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 23, 2021)

Before JORDAN, NEWSOM and GRANT, Circuit Judges.

PER CURIAM:

Mahmoud Rashad, an African-American Muslim man, sued Fulton County, his former employer. Rashad alleged that the County retaliated against him and violated Title VII of the Civil Rights Act of 1964 by terminating his position after he filed a complaint with the Equal Opportunity Employment Commission concerning racial and religious discrimination. The County moved for summary judgment. A magistrate judge recommended that it be granted, concluding that Rashad hadn't shown that the County terminated his position because of his EEOC complaint. The district court agreed and granted summary judgment to the County. Rashad appealed.

This appeal presents two issues and two main arguments. Rashad first argues that the court abused its discretion by not considering a particular email, in which he complained of racial discrimination to county officials, and which he attempted to introduce pro se[1] after the magistrate judge submitted her final report and recommendation to the district court. Second, he contends that the district court erred in concluding that he failed to show a causal link between his protected activity and his termination and thus didn't establish a prima facie case of Title VII retaliation. Rashad maintains that the temporal proximity between his EEOC

---

[1] Whether Rashad—who has counsel now and has had counsel off and on throughout these proceedings—was actually proceeding pro se at the time he tried to introduce the e-mail appears to be in dispute. But we don't have to answer that question to decide this case, so we won't.

2

charge and the decision to terminate him sufficed to show causation.[2]  After careful review, we affirm.

We address each issue in turn.  Given the parties' familiarity with the case's history, we mention relevant facts only as necessary to explain our decision.[3]

**I**

First, we consider whether the district court erred by not reviewing the email that Rashad tried to introduce after the magistrate judge's report and recommendation had been submitted.  We review for abuse of discretion, *Williams v. McNeil*, 557 F.3d 1287, 1290 (11th Cir. 2009), and we bear in mind that a district court has broad discretion in reviewing a magistrate judge's report and recommendation, *id.* at 1291.  In particular, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" and also "*may* . . . receive further evidence or recommit the matter to the magistrate with instructions." *Stephens v. Tolbert*, 471 F.3d 1173, 1176 (11th Cir. 2006) (quoting 28 U.S.C. § 636(b)(1)) (emphasis added).

---

[2] Rashad also raises two issues for the first time on appeal.  First, he contends that some evidence showed that the County's panel—the body that decided to eliminate his position—merely served as a "conduit" that "rubber[-] stamped" the decision to terminate him, and second, he says that his termination actually encompassed two distinct adverse actions.  We generally don't consider issues raised for the first time on appeal, and we won't here. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004).

[3] The magistrate judge's report and recommendation and the district court's order provide a thorough account of the relevant facts and extensive litigation history.

Here, Rashad argues that the district court should have considered the email he tried to submit as evidence after the report and recommendation had been submitted. Yet he hasn't explained, either in his briefing here or his filing in the district court, why that email couldn't have been submitted earlier in the proceedings. Without some reason for that delay, we can't say that the district court abused its broad discretion by declining to consider the email. *See Lodge v. Kondaur Capital Corp.*, 750 F.3d 1263, 1274 (11th Cir. 2014) (holding it was not an abuse of discretion to decline to consider evidence never mentioned before or submitted to the magistrate judge). Magistrate judges aid district courts in many matters. "[R]equir[ing] a district court to consider evidence not previously presented to the magistrate judge would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court." *Williams*, 557 F.3d at 1292 (quotation marks omitted). We won't impose such a requirement here.

## II

Rashad also challenges the district court's grant of summary judgment, contending that he established a prima facie case of Title VII retaliation and showed a causal link between his protected activity and his termination. We review de novo a district court's grant of summary judgment and do so using the

same legal standards applied by the district court. *Alvarez v. Royal Atl. Developers, Inc.*, 610 F.3d 1253, 1263 (11th Cir. 2010).[4]

As relevant here, Title VII prohibits an employer from retaliating against an employee because he opposed an unlawful employment practice or "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). To establish a prima facie case of retaliation under Title VII, a plaintiff must show that: (1) he engaged in a statutorily protected activity; (2) he suffered a materially adverse action; and (3) there was a causal connection between his protected activity and the adverse action. *Chapter 7 Tr. v. Gate Gourmet, Inc.*, 683 F.3d 1249, 1258 (11th Cir. 2012). Importantly here, a plaintiff may establish causation for prima facie purposes by showing a close temporal proximity between when the employer knew of his protected activity and the adverse action. *Higdon v. Jackson*, 393 F.3d 1211, 1220 (11th Cir. 2004). We have held that, standing alone,

---

[4] Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether the movant has met this burden, courts must view the evidence in the light most favorable to the non-movant. *Alvarez*, 610 F.3d at 1263–64. When a movant has shown that no genuine dispute of material fact exists, the burden shifts to the non-movant to demonstrate that there is a genuine issue of material fact that precludes summary judgment. *Mullins v. Crowell*, 228 F.3d 1305, 1313 (11th Cir. 2000). The non-movant must go beyond the pleadings and present competent evidence setting forth specific facts to show that a genuine issue exists. *Young v. City of Palm Bay*, 358 F.3d 859, 860 (11th Cir. 2004); *Avirgan v. Hull*, 932 F.2d 1572, 1577 (11th Cir. 1991).

temporal proximity must be "very close." *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007).

Applying those standards here, we don't think the district court erred in granting summary judgment to the County because Rashad failed to establish a prima facie case of retaliation. On this issue, timing is everything. The adverse action here—Rashad's termination on July 31, 2014—took place nearly four months after Rashad alleges the County received notice of his EEOC charge. That's insufficient temporal proximity as a matter of law. *See Thomas*, 506 F.3d at 1364 ("A three to four month disparity between the statutorily protected expression and the adverse employment action is not enough."). Without other evidence of causation, "a substantial delay between the protected expression and the adverse action [means that] the complaint of retaliation fails as a matter of law." *Id.* Because Rashad pointed to no other evidence that any decisionmaker terminated him because of his protected activity, he failed to set out a prima facie case of Title VII retaliation.[5]

**AFFIRMED.**

---

[5] For that reason, we don't address Rashad's argument that the County's violation of its own procedures is evidence of pretext. Without a prima facie case of retaliation, we needn't consider the question of pretext. *See McCann v. Tillman*, 526 F.3d 1370, 1375 n.6 (11th Cir. 2008).