[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-12919

Non-Argument Calendar

_____

EDWIN ESTANGLEY GARCIA,

Plaintiff-Appellant,

*versus*

DOCTOR OSEGBUE OBASI,
WSP Medical,
WARDEN WILCOX STATE PRISON,
UNIT MANAGER,
Wilcox State Prison Medical,

Defendants-Appellees,

2                    Opinion of the Court                    21-12919

CRISP REGIONAL HOSPITAL, et al.,

                                                      Defendants.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:20-cv-00155-TES-CHW

_____

Before BRANCH, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Edwin Estangley Garcia, a pro se Georgia prisoner, filed this 42 U.S.C. § 1983 action against the warden, the prison doctor, and the prison medical unit manager, alleging that they violated the Eighth Amendment by failing to provide timely and appropriate medical care after he broke his arm while playing soccer in the prison yard.[1]  He appeals the district court's dismissal of his complaint based on his failure to exhaust his available administrative remedies.  We conclude that the district court correctly dismissed Garcia's complaint because he failed to exhaust the available prison

---

[1] Garcia also sued the prison soccer coach, the local hospital, and an unnamed doctor, but his claims against those defendants were dismissed for failure to state a claim, and he has not appealed their dismissal.

grievance procedures before filing his lawsuit.  We modify the district court's judgment, however, to correct an error and to reflect that the dismissal is without prejudice.  We affirm the judgment as modified.

## I.

Garcia filed his § 1983 complaint on April 23, 2020, alleging that prison officials showed deliberate indifference to his serious medical need by failing to provide timely medical care after he broke his arm and wrist and injured his hand.  Specifically, he alleged that officials waited nearly three hours after he was injured to transport him to the hospital, caused his initial surgical treatment to be delayed twice, caused him to miss a second surgery altogether, failed to provide physical therapy and appropriate pain medication, and failed to schedule follow-up care to remedy the obvious deformity and remaining nerve injury in his arm.

Garcia also alleged that he had presented his complaints to the warden by filing a grievance, and that the warden had waived the exhaustion of additional prison administrative remedies by failing to respond to his grievance.  He attached to his complaint a copy of a formal grievance dated January 30, 2020, complaining of the alleged delayed and inadequate medical care for his arm, and an inquiry dated March 25, 2020, in which he asked about the status of his grievance and stated that it had been over 60 days since he filed his grievance and the warden had not responded or given 10 days' notice.  A prison staff member responded to Garcia's inquiry

by stating that his grievance was sent to the warden's office on March 25, 2020, for review.

The defendants answered Garcia's complaint, alleging among other defenses that Garcia failed to exhaust his available administrative remedies, in violation of the Prison Litigation Reform Act, 42 U.S.C. 1997e(a) (PLRA). They later filed a motion for summary judgment on the grounds that Garcia had not exhausted his administrative remedies before filing suit and had not established that the defendants had been deliberately indifferent to a serious medical need. In support of their motion, the defendants submitted an affidavit by Amber Phillips, a prison analyst who was responsible for ensuring compliance with grievance procedures at the facility where Garcia was housed, and a copy of the Georgia Department of Corrections Statewide Grievance Procedure.

The Grievance Procedure outlined two steps for an inmate seeking to resolve a complaint at the prison: first, the inmate could submit a formal grievance within ten days of the date that he knew or should have known of the facts giving rise to his complaint. The procedure provided that the warden was to respond to the grievance within 40 days, or within 50 days if the warden gave written notice of the 10-day extension before the initial 40-day period expired. Second, the inmate could file an appeal with the central office after the time allowed for the warden's response passed, or within seven days after the warden responded to the grievance. The central office was allotted 120 days to resolve the appeal.

In her affidavit, Phillips testified that inmates are provided with written grievance instructions and an oral explanation of the grievance process upon entering the custody of the Georgia Department of Corrections. She also testified that inmates have access to a copy of the Grievance Procedure at the prison library. Phillips attached records showing that Garcia submitted a grievance in January 2020 about the medical treatment he received, and that the warden denied the grievance on June 5, 2020.

Garcia responded that the warden waived exhaustion of his administrative remedies by failing to respond to his formal grievance for several months after he submitted it. He pointed out that he had appealed to the central office in June 2020 (while his § 1983 lawsuit was pending) after the warden finally responded to his grievance. He also contended that the grievance coordinator had "erred when she failed to provide the inmate with information to appeal" when the time expired for the warden to respond, because she did not send him an appeal form at that time.

Garcia also filed a motion for summary judgment, arguing again that the warden had waived exhaustion of administrative remedies by failing to respond or give notice of an extension within the time provided, and arguing the merits of his Eighth Amendment deliberate-indifference claim.

The district court referred the case to a magistrate judge, pursuant to 28 U.S.C. § 636(b)(1). The magistrate judge issued a report and recommendation stating that the district court should grant the defendants' motion for summary judgment and deny

Garcia's motion because (1) Garcia failed to exhaust available administrative remedies by filing a central office appeal before he filed his lawsuit, and (2) Garcia failed to present evidence from which a reasonable jury could find in his favor on the merits of his deliberate indifference claim.

Garcia objected to the magistrate judge's report and recommendation. He reiterated his argument that the warden had waived exhaustion of administrative remedies by failing to timely respond to his grievance. He also asserted for the first time that (1) the grievance procedures had never been made available to him in Spanish or through a Spanish interpreter, though he did not speak or read English; and (2) the prison library manager had misinformed him on April 15, 2020, that because of the COVID-19 pandemic, prisoners were no longer required to exhaust administrative remedies before filing suit.

The district court adopted the magistrate judge's report and recommendation to the extent that it found that Garcia had failed to exhaust his administrative remedies before filing suit. Without addressing the arguments raised for the first time in Garcia's objections to the magistrate's report and recommendation, the court concluded that because Garcia filed his lawsuit before he appealed his grievance to the central office, the lawsuit was barred by the PLRA. It therefore granted the defendants' motion for summary judgment without reaching the merits of Garcia's § 1983 claim and denied Garcia's motion for summary judgment. Garcia now appeals.

21-12919                Opinion of the Court                7

## II.

We review the district court's interpretation and application of the PLRA's exhaustion requirements de novo. *Higginbottom v. Carter*, 223 F.3d 1259, 1260 (11th Cir. 2000). We review the district court's treatment of a magistrate judge's report and recommendation for abuse of discretion. *Stephens v. Tolbert*, 471 F.3d 1173, 1175 (11th Cir. 2006).

## III.

Under the PLRA, a prisoner cannot bring a § 1983 action "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "The plain language of the statute makes exhaustion a precondition to filing an action in federal court." *Higginbottom*, 223 F.3d at 1261 (citation omitted). This means that when a state provides a grievance procedure for its prisoners, "an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit." *Bryant v. Rich*, 530 F.3d 1368, 1372 (11th Cir. 2008) (citation omitted). Exhaustion is mandatory, and courts cannot excuse a failure to exhaust available administrative remedies because "special circumstances" exist or because the available procedures are futile or inadequate. *Ross v. Blake*, 578 U.S. 632, 638–39 (2016); *see Higginbottom*, 223 F.3d at 1261. Thus, where a defendant raises the issue of exhaustion as a defense, courts must conduct a limited analysis focusing on whether administrative remedies were available and whether the prisoner properly exhausted those remedies. *See Ross*, 578 U.S. at 639–42.

A district court's analysis of exhaustion proceeds in two steps. *See Turner v. Burnside*, 541 F.3d 1077, 1082–83 (11th Cir. 2008). First, the court looks to the facts alleged in the defendants' motion and the plaintiff's response, and where they conflict, accepts the plaintiff's version as true. *Id.* at 1082. If under that version of the facts the prisoner has failed to exhaust available administrative remedies, the district court must dismiss the prisoner's complaint. *Id.* Second, if dismissal is not warranted at the first step, the district court should make specific findings to resolve relevant factual disputes and should dismiss if the facts found by the court show a failure to exhaust. *Id.* at 1082–83.

The district court conducted this analysis and concluded that the undisputed facts showed at step one that Garcia had not exhausted his available administrative remedies. We agree.

It is undisputed that the prison grievance procedures were explained to Garcia orally and in writing when he first entered the Georgia prison system, and that the complete Grievance Procedure was available at the prison library. Garcia showed some familiarity with the grievance procedures by filing his grievance and by complaining to the grievance counselor two months later that the warden had not given him either a timely response to his grievance or notice of an extension of the response time. The fact that the grievance coordinator did not send Garcia an appeal form and remind him of his option to appeal without waiting for a response did not make that option unavailable—Garcia has not alleged that he asked for an appeal form, or that one would not have been given to him

if he had asked. *See Geter v. Baldwin State Prison*, 974 F.3d 1348, 1356 (11th Cir. 2020) (once the defendant has shown an available administrative remedy that was not exhausted, the burden shifts to the plaintiff to demonstrate that the procedure was "subjectively" and "objectively" unavailable to him).

On appeal, Garcia argues that the prison grievance procedures were unavailable to him because they were not provided or explained to him in Spanish, and because the prison library manager misinformed him that he was not required to exhaust his administrative remedies due to COVID-19. Garcia forfeited those arguments, however, by not raising them until after the magistrate judge issued its report and recommendation, and the district court acted within its discretion in refusing to consider them. *See Williams v. McNeil*, 557 F.3d 1287, 1291–92 (11th Cir. 2009).

Garcia also argues that prison officials waived his failure to completely exhaust the grievance process by failing to comply with the Grievance Procedure themselves. He points out that the warden did not respond to his grievance within 40 days or give him notice of an extension as required in the Grievance Procedure, and he says that when he eventually did file an appeal, the grievance coordinator denied receiving it and presumably did not forward it to the central office, and the central office never responded to it. This argument is misplaced—the PLRA requires prisoners to properly complete each step of an available grievance process, even if the process is ultimately futile. *Higginbottom*, 223 F.3d at 1261; *see Miller v. Tanner*, 196 F.3d 1190, 1193 (11th Cir. 1999) (when

reviewing whether a prisoner exhausted his administrative remedies, "we do not review the effectiveness of those remedies, but rather whether remedies were available and exhausted"). The warden's failure to provide a timely response to Garcia's grievance did not make a central office appeal unavailable to Garcia because he had the option to appeal after the time for the warden's response expired. And the fact that the central office never addressed his appeal does not excuse his failure to exhaust that option *before* filing suit in federal court. 42 U.S.C. § 1997e(a); *Bryant*, 530 F.3d at 1372.

The district court correctly dismissed Garcia's complaint for failure to exhaust available administrative remedies as required by the PLRA. We note, however, that although the district court adopted the magistrate judge's report and recommendation only insofar as it concluded that Garcia had not exhausted available administrative remedies, the judgment entered by the clerk stated incorrectly that the magistrate's recommendation was accepted "in its entirety." This error is significant because the magistrate judge recommended granting the defendants' motion for summary judgment on the merits, which would result in a dismissal with prejudice. Exhaustion, on the other hand, "is nothing more than a precondition to an adjudication on the merits," and a dismissal for failure to exhaust administrative remedies generally is without prejudice. *See Bryant*, 530 F.3d at 1374–75 & n.12.[2] Moreover, the

---

[2] As we acknowledged in *Bryant*, a dismissal with prejudice for failure to exhaust administrative remedies may be appropriate where it is no longer

district court here expressly declined to reach the merits of Garcia's § 1983 claim. We therefore modify the judgment to indicate that the magistrate judge's report and recommendation was adopted only in part, and to clarify that the dismissal of Garcia's complaint was without prejudice.

## IV.

To meet the "precondition" of exhaustion of available administrative remedies under the PLRA, Garcia was required to complete both steps in the prison grievance procedure—submitting a formal grievance and appealing to the central office—before filing his § 1983 complaint. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006); *Bryant*, 530 F.3d at 1378. He did not do so. We therefore affirm the district court's dismissal of Garcia's § 1983 complaint. We modify the district court's judgment, however, to indicate that the dismissal is without prejudice to his ability to renew his suit if he has now exhausted his available administrative remedies.[3]

---

feasible for the plaintiff to comply with administrative deadlines or otherwise properly exhaust the available administrative remedies. *Bryant*, 530 F.3d at 1375 n.11; *see Varner v. Shepard*, 11 F.4th 1252, 1264 (11th Cir. 2021) (affirming a dismissal with prejudice for failure to exhaust administrative remedies where the prisoner's grievances were rejected as untimely). We are not faced with those circumstances here.

[3] We do not express or imply an opinion as to whether Garcia has now properly exhausted the available prison grievance procedures, whether he would be entitled to equitable tolling of the applicable statute of limitations if he refiled his lawsuit, or on the merits of any claim that Garcia may have related to past or continuing needs for medical treatment of his injured arm.

12                    Opinion of the Court                    21-12919

**AFFIRMED AS MODIFIED.**