[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11441
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-00411-TCB

BRENDA E. EDWARDS,

Plaintiff-Appellant,

versus

AMBIENT HEALTHCARE OF GEORGIA, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(January 9, 2017)

Before HULL, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Brenda Edwards, a former employee of Defendant-Appellee Ambient Healthcare of Georgia, Inc. ("Ambient"), appeals the district court's dismissal, pursuant to Federal Rule of Civil Procedure 12(b)(6), of her employment discrimination lawsuit alleging sexual harassment and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII").  Edwards also appeals the district court's denial of her motion to amend her complaint.

Briefly stated, Edwards alleged that a male employee of Ambient was a driver who delivered pharmaceutical supplies to patients' homes or locations. Edwards alleged that two female patients reported to Edwards, or her subordinate, that the driver had made inappropriate sexual comments to them when he made the deliveries.  Edwards also alleged that a female caregiver of another patient had reported to her that the driver had hugged her when he made one delivery and attempted to hug her on other deliveries.[1]

In her initial complaint, Edwards did not allege that the male employee sexually harassed her.  Edwards did not allege that any of the driver's inappropriate conduct occurred at Ambient's workplace or in the presence of Edwards or any other female employee.  Rather, Edwards alleged that these three women, who were not Ambient employees, simply reported the harassment to

---

[1]Edwards does not clarify how many deliveries the driver made, either in general or those involving unwanted advances.

Edwards (or her subordinate), and Edwards in turn informed company management.

Edwards alleged that Ambient ignored her complaints about the driver, created a hostile work environment "by its failure to halt the sexual harassment conduct of the driver," and retaliated against her for reporting the harassment. Because the parties are familiar with the procedural history and the facts most favorable to Edwards, we will not belabor them further but will proceed directly to the issues on appeal.

## I.    EDWARDS'S SEXUAL HARASSMENT CLAIM

On appeal, Edwards argues that the district court erred in dismissing her sexual harassment claim under Rule 12(b)(6) for failure to state a claim. We review de novo the district court's grant of a motion to dismiss for failure to state a claim. Mills v. Foremost Ins. Co., 511 F.3d 1300, 1303 (11th Cir. 2008). To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, accepted as true, states a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of her entitlement to relief requires more than labels and conclusions. Id.

3

Title VII makes it unlawful for an employer to discriminate against any employee with respect to her compensation, terms, conditions, or privileges of employment because of the employee's sex.  42 U.S.C. § 2000e-2(a)(1).  Although Title VII does not mention sexual harassment, "it has long been settled that the statutory phrase 'terms, conditions, or privileges of employment' includes within its scope a discriminatorily hostile or abusive environment."  Hulsey v. Pride Rests., LLC, 367 F.3d 1238, 1244 (11th Cir. 2004).  To prove sexual or gender-based harassment under Title VII, the plaintiff employee must show that: (1) she belongs to a protected group; (2) she has been subjected to unwelcome harassment; (3) the harassment was based on her sex; (4) the sexual harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive work environment; and (5) a basis for holding the employer liable exists.  Id.

Establishing that sexually harassing conduct was sufficiently severe or pervasive to alter an employee's terms or conditions of employment includes a subjective and an objective component.  Mendoza v. Borden, Inc., 195 F.3d 1238, 1246 (11th Cir. 1999) (en banc).  That is, the work environment must be one that a reasonable person would find hostile or abusive and that the victim subjectively perceives to be abusive.  Id.  In evaluating the objective severity of the harassment, we look at the totality of the circumstances and consider: (1) the frequency of the

4

conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; and (4) whether the conduct unreasonably interferes with the employee's job performance.  Id.

Here, the district court did not err in determining that Edwards's initial complaint failed to sufficiently plead facts to state a claim of sexual harassment of Edwards under Title VII.  Edwards based her claim on conduct directed not at herself, but three other females who were not employees of Ambient.  Edwards was not even present at the time of the alleged sexual harassment of these non-employees.  According to Edwards, these three women reported the alleged sexual harassment to her (at most) five times over a period of five months.

A threshold question here is whether three women non-employees reporting sexual harassment by Ambient's male driver to Edwards can even give Edwards a cause of action for sexual harassment against her employer, when she was not the victim and was not even present when the sexual harassment occurred.[2]  But we need not answer that question because the alleged sexual harassment of the non-employees was not sufficiently severe or pervasive in any event.

___

[2]Edwards, of course, argues that the driver's conduct here gives her a cause of action against Ambient under Title VII.  In support, she relies primarily on Rogers v. EEOC, 454 F.2d 234 (1971); EEOC v. Beverage Canners, Inc., 897 F.2d 1067, 1068, 1070 (11th Cir. 1990); and Reeves v. C.H. Robinson Worldwide, Inc., 594 F.3d 798 (11th Cir. 2010).  All are distinguishable.  Rogers was decided on a completely different procedural posture and did not address whether such attenuated claims pass muster under Rule 12(b)(6), and Beverage Canners and Reeves both involved discrimination or harassment in the workplace directed at employees.

To state a claim under Title VII, Edwards must allege facts sufficient to show not only that harassment occurred, but also that the harassment was sufficiently severe or pervasive to alter the terms and conditions of <u>her</u> employment and create a discriminatorily abusive working environment <u>at</u> Ambient. <u>See</u> <u>Hulsey</u>, 367 F.3d at 1244. This she did not do. As noted above, Edwards did not allege that any of the driver's inappropriate comments or conduct occurred at Ambient's workplace or in the presence of Edwards or any other female employee. In her proposed amended complaint, Edwards alleged that the female patients and caregiver reported the inappropriate conduct to her on a total of approximately five occasions, and the driver's reported conduct involved a hug to a female caregiver and, primarily, inappropriate comments which were mostly asking the two female patients if they were single or married, whether they were dating, and staring or leering at them in a "lusty manner."

Reviewing her complaints as a whole, Edwards failed to allege facts demonstrating that the sexual harassment of the two patients and the caregiver was sufficiently severe or pervasive to alter the terms and conditions of Edwards's employment and create a discriminatorily abusive work environment for Edwards. <u>See</u> <u>Fleming v. Boeing Co.</u>, 120 F.3d 242, 245 (11th Cir. 1997) (holding that a hostile work environment occurs "[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or

6

pervasive to alter the conditions of the victim's employment and create an abusive working environment") (internal quotation marks and citations omitted); see also EEOC v. Beverage Canners, Inc., 897 F.2d 1067, 1068, 1070 (11th Cir. 1990) (holding that employer discriminated against employees on basis of race where the plant manager and supervisor "frequently made flagrant, revolting, and insulting racially derogatory remarks towards and in the presence of blacks"). Edwards's factual allegations, accepted as true, do not state a plausible claim of hostile-work-environment sexual harassment under Title VII. See Ashcroft, 556 U.S. at 678, 129 S. Ct. at 1949.

## II.     EDWARDS'S RETALIATION CLAIM

Edwards alleged that, after she reported the driver's conduct, her complaints about the driver's conduct went ignored, a branch manager was demoted for refusing to fire Edwards after she reported the driver's conduct, and Ambient began "harass[ing]" her by increasing her workload, issuing her a negative review, telling her to "leave confidential matters alone and concentrate on the backlog of charting," and "micro-manag[ing]" her work duties.

A Title VII retaliation claim requires this showing: (1) the plaintiff engaged in statutorily protected activity; (2) she suffered a materially adverse action; and (3) there was a causal connection between the protected activity and the adverse action. Howard v. Walgreen Co., 605 F.3d 1239, 1244 (11th Cir. 2010). Protected

activity includes opposition to "any practice made an unlawful employment practice" under Title VII.  42 U.S.C. § 2000e-3(a).  This is known as the "opposition clause."  Crawford v. Metro. Gov't of Nashville & Davidson Cty., 555 U.S. 271, 274, 129 S. Ct. 846, 850 (2009).  When an employee complains on behalf of herself or another employee that the employer is engaged in a form of employment discrimination, including sexual harassment, she is "virtually always" engaged in protected activity under the opposition clause.  See id. at 276, 129 S. Ct. at 851.

Here, however, the driver's alleged actions toward non-employee patients of Ambient and their caregivers (while reprehensible) is not an "employment practice made unlawful" by Title VII.  See 42 U.S.C. § 2000e-3(a) (prohibiting employers from discriminating against "any of his employees . . . because he has opposed" an unlawful employment practice (emphasis added)); Jackson v. Motel 6 Multipurpose, Inc., 130 F.3d 999, 1007 & n.16 (11th Cir. 1997) (noting that employees' retaliation claim based on opposition to unlawful discrimination against motel customers "could not proceed under the familiar Title VII retaliation statute" because the plaintiffs did not allege that they were discriminated against for "opposing an unlawful *employment* practice").  Edwards has not pointed us to any case law holding that an employee's discrimination against a third party is an

8

unlawful employment practice under Title VII or that opposition to such conduct constitutes protected activity under Title VII.

Moreover, even if we were to assume that Edwards engaged in protected activity when she complained about the driver's conduct toward third parties, Edwards did not allege that she suffered a materially adverse action. "[T]o prove adverse employment action . . . an employee must show a serious and material change in the terms, conditions, or privileges of employment." Davis v. Town of Lake Park, 245 F.3d 1232, 1239 (11th Cir. 2001). Criticisms, negative evaluations, and temporary, non-substantial changes in work assignments are not enough. Id. at 1240-45. Here, Edwards did not allege that Ambient cut her pay, took away her title, or did anything other than make her existing job duties more difficult.[3] While an alteration in work assignments may, in "unusual instances," constitute a serious and material change, that it not the case here. See id. at 1245 (citing as an example McNely v. Ocala Star-Banner Corp., 99 F.3d 1068 (11th Cir. 1996), where a supervisor at a newspaper was reassigned the duties of a janitor, including cleaning bathrooms, and then transferred to the shipping department, where he was required to perform physically strenuous tasks).

Thus, the district court did not err in dismissing Edwards's retaliation claim.

---

[3]In her brief on appeal, Edwards alleges for the first time that Ambient effectively forced her out of the company. Her allegations do not appear in either her initial complaint or her proposed amended complaint, and thus we do not consider them.

### III.    EDWARDS'S MOTION TO AMEND HER COMPLAINT

While leave to amend a complaint should be freely given where "justice so requires," a district court need not allow an amendment where amendment would be futile. Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001).[4] The district court correctly determined that amendment would be futile here.

Edwards's proposed amended complaint contained essentially two substantive changes to her initial complaint.[5] First, Edwards alleged that, after she reported the driver's conduct to management, the driver began "stalking" her, parking near her car at work, and leering and grinning at her. Edwards's new claims regarding the driver's conduct toward her personally are barred. A "plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Gregory v. Ga. Dep't of Human Res., 355 F.3d 1277, 1280 (11th Cir. 2004) (internal quotation marks omitted). Judicial claims that "amplify, clarify, or more clearly focus" the allegations in the EEOC charge are permitted, but the plaintiff cannot allege new acts of discrimination. Id. at 1279–80 (quoting Wu v. Thomas,

---

[4]A district court's legal determination that amendment would be futile is reviewed de novo. SFM Holdings, Ltd. v. Banc of Am. Sec., LLC, 600 F.3d 1334, 1336 (11th Cir. 2010).

[5]In her initial complaint, Edwards alleged that the driver made "inappropriate sexual comments," but she described none of them. In her proposed amended complaint, Edwards alleged more detailed facts regarding the driver's conduct toward the patients and caregiver. In an abundance of caution, we have already described these additional allegations about the comments and other behavior in our analysis and conclusion that the alleged harassment was not severe and pervasive in Part I, above.

10

863 F.2d 1543, 1547 (11th Cir. 1989).  Here, Edwards's allegations that the driver was harassing and "stalking" her personally appear nowhere in her EEOC charge, which was limited to allegations pertaining to patients and caregivers.  Thus, Edwards has not administratively exhausted this "new" claim of discrimination, and the district court could not review it.

Second, Edwards's proposed amended complaint included additional allegations about how the conduct by the driver and her managers made her feel and how it disrupted her job.  Edwards alleged that she was "irritated" and "annoyed" with management's reaction, or lack thereof, to her complaints about the driver and claimed that she was "made to feel that the all-male manager group was laughing at the women, and implicitly acquiescing in this type of sexual demeaning conduct."  Edwards also alleged that she became scared to go to the warehouse when the driver was there, which interrupted her work, and, when she raised this issue with the warehouse manager, he laughed and dismissed her concerns.  Edwards stated that, after her requests that the driver be removed were met with a response to "mind your business and do your charting," she felt "angered, nervous, uncomfortable, annoyed, belittled, humiliated and embarrassed by the way the manager ignored the incident."

All of these allegations, however, go to Edwards's subjective perception that the harassment was severe or pervasive.  See Mendoza, 195 F.3d at 1246

11

(explaining that, in order to state a claim, the employee must subjectively perceive the harassment as severe and pervasive).  This is only half of the equation.  A Title VII claim also requires that the harassment objectively alter the employee's terms or conditions of employment.  Id.  Edwards's proposed amended complaint contains not a single allegation demonstrating how the company's actions created a workplace "permeated with discriminatory intimidation, ridicule, and insult."  See Fleming, 120 F.3d at 245 (internal quotation marks omitted).

Even in light of the proposed amended complaint's additional allegations, the complained-of conduct was not objectively frequent, severe, physically threatening or humiliating, and did not unreasonably interfere with Edwards's job performance on any regular basis.  The additional allegations also fail to cure the defects in her Title VII retaliation claim.  Because her amended complaint would still be subject to dismissal for failing to sufficiently allege facts supporting a hostile-work-environment or retaliation claim under Title VII, the district court correctly denied Edwards leave to amend her complaint.

## IV.    CONCLUSION

For the foregoing reasons, we affirm the district court's order.

**AFFIRMED.**

12