[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-14997
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cv-00872-JPB

NATE STIMSON,

Plaintiff-Appellant,

versus

STRYKER SALES CORPORATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(November 30, 2020)

Before WILSON, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Nate Stimson appeals the district court's grant of summary judgment in favor of his former employer, Stryker Sales Corporation (Stryker).  Because we write for the parties, we assume familiarity with the facts and set out only those necessary for the resolution of this appeal.  Stimson worked for Stryker for twelve years until he was terminated in March of 2016.  After his termination, Stimson brought an employment action against Stryker claiming (1) retaliation under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e-2(a), 2000e-3(a); (2) age discrimination under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623(a)(1); and (3) defamation.[1]

Stryker manufactures and sells medical equipment, so Stryker employees often go to hospitals to sell and service its products.  Stimson claims that he was retaliated against for reporting that another Stryker employee—James Runyan—sexually harassed a nurse who was employed by a hospital the two visited for work.  Stimson also claims that Stryker discriminated against him based on his age, because he, a forty-year-old, was fired after he was reported for misconduct, but Runyan, a similarly situated thirty-year-old, was not fired in relation to the sexual harassment allegations against him.

A magistrate judge initially reviewed this case and issued a report and recommendation (R&R) regarding the parties' arguments.  The district court

---

[1] The defamation claim is not before us on appeal.

accepted the R&R in part, granting summary judgment on behalf of Stryker as to both the Title VII and ADEA claims.  The district court found that Stimson did not establish a *prima facie* case for retaliation because he did not engage in protected activity under Title VII.  The court granted summary judgment on the ADEA claim because Stimson and his proposed comparator, Runyan, were not similarly situated in all material respects.  The court also sanctioned Stimson because it found that he provided false testimony in a deposition and disclosed relevant documents after the close of discovery.  The court ordered Stimson to pay Stryker's attorney's fees for litigating its motion for sanctions.  Stimson appeals these findings.  We address each issue in turn.

## STANDARD OF REVIEW

We review a grant of summary judgment *de novo*.  *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1300 (11th Cir. 2012).  Summary judgment is appropriate if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.  *Id.*  We draw all justifiable inferences in favor of the non-moving party.  *Id.* at 1301.  We do not make credibility determinations or weigh evidence at the summary judgment stage.  *Frederick v. Sprint/United Mgmt. Co.*, 246 F.3d 1305, 1311 (11th Cir. 2001).

We review sanction orders for an abuse of discretion.  *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1222 (11th Cir. 2017).  The district

court abuses its discretion when it applies an incorrect legal standard, applies the standard in an unreasonable or incorrect manner, or ignores or misunderstands the relevant evidence. *Id.*

## I.

A Title VII retaliation claim based on circumstantial evidence is analyzed under the *McDonnell Douglas* burden-shifting framework.[2] *Goldsmith v. City of Atmore*, 996 F.2d 1155, 1162–63 (11th Cir. 1993). To establish a *prima facie* case of Title VII retaliation, the plaintiff must show that: (1) he engaged in statutorily protected expression; (2) he suffered an adverse employment action; and (3) there is a causal relationship between the two events. *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1363 (11th Cir. 2007).

Title VII protects an employee against retaliation by his or her employer when the employee has (a) opposed any "unlawful employment practice" under Title VII or (b) participated in any manner in any investigation, proceeding, or hearing under Title VII. 42 U.S.C. § 2000e-3(a); *EEOC v. Total Sys. Servs., Inc.*, 221 F.3d 1171, 1174 (11th Cir. 2000). An "unlawful employment practice" under Title VII includes an employer's termination of or discrimination against "any individual with respect to his compensation, terms, conditions, or privileges of

---

[2] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).

In *Jackson v. Motel 6 Multipurpose, Inc.*, we noted that Title VII's definition of an unlawful employment practice does not cover discrimination against third-party, non-employees. 130 F.3d 999, 1007 n.16 (11th Cir. 1997). In *Jackson*, a case involving a petition for a writ of mandamus, Motel 6 employees asserted that Motel 6 required them to discriminate against customers based on their race. The employees claimed that Motel 6 retaliated against them when they refused to follow the discriminatory practice. *Id.* at 1002. In ruling on the mandamus petition, we recognized that the employees' claims could not proceed because they had not alleged that they were terminated for opposing an unlawful employment practice—they opposed the hotel's policy to discriminate against customers, not employees. *Id.* at 1007 n.16.

On the other hand, "employers may be liable [under Title VII] for failing to remedy the harassment of [its] employees by third-parties who create a hostile work environment." *Beckford, v. Dep't of Corr.*, 605 F.3d 951, 957–58 (11th Cir. 2010). For instance, in *Beckford* we held that the Florida Department of Corrections could be liable under Title VII for failing to remedy the sexual harassment of its female employees by prison inmates. *Id.*

5

The district court correctly granted summary judgment for Stryker on Stimson's retaliation claim because Stimson did not engage in protected expression under Title VII. Stimson did not oppose an unlawful employment practice when he reported that Runyan harassed the nurse. Runyan's actions toward the nurse could not have involved her compensation, terms, conditions, or privileges of employment with Stryker, as she was not a Stryker employee. Stimson's argument ignores the fact that to be an unlawful employment practice the discrimination must be perpetrated by an employer and it must involve the individual's employment. *See id.* Thus, the relevant individual must work for the employer who allegedly violated Title VII.[3]

Moreover, contrary to Stimson's contention, *Beckford* is inapplicable here. That case involved third-parties harassing employees and it did not address an employee's harassment of a third-party. 605 F.3d at 957–58. *Beckford* might be applicable if Runyan's and the nurse's roles were reversed—if the non-employee nurse had harassed employee Runyan—but that is not the case. Finally, Stimson's remaining arguments—that the district court failed to consider that Runyan and the nurse were *de facto* coworkers and that Runyan's actions essentially created a

---

[3] Stimson's argument that the district court erred by relying on *Edwards v. Ambient Healthcare of Ga., Inc.*, 674 F. App'x 926 (11th Cir. 2017), an unpublished decision, is without merit. District courts can rely on unpublished decisions as persuasive, but not binding authority. *U.S. v. Rodriguez-Lopez*, 363 F.3d 1134, 1138 n.4 (11th Cir. 2004). The district court cited *Edwards*, but also explained that Stimson failed to cite Eleventh Circuit precedent to support his position. Additionally, *Edwards* relies on *Jackson*, a published opinion.

hostile work environment—ignore the plain language of Title VII and are not supported by precedent.

Stimson did not engage in protected activity under Title VII when he opposed the harassment of a third-party who was not employed by Stryker. Therefore, he failed to establish a *prima facie* retaliation claim. *See Thomas*, 506 F.3d at 1363; *see also* 42 U.S.C. §§ 2000e-2(a)(1); 2000e-3(a). Accordingly, the district court properly granted Stryker's motion for summary judgment and we affirm as to this issue.

## II.

The ADEA prohibits employers from firing employees who are forty-years-old or older because of their age. *Liebman v. Metro. Life Ins. Co.*, 808 F.3d 1294, 1298 (11th Cir. 2015). The *McDonnell Douglas* framework applies to ADEA claims based on circumstantial evidence. *Id.* Under the framework, "the plaintiff bears the initial burden of establishing a *prima facie* case of discrimination by proving, among other things, that [he] was treated differently from another 'similarly situated' individual—in court-speak, a 'comparator.'" *Lewis v. City of Union City, Ga.*, 918 F.3d 1213, 1217 (11th Cir. 2019) (en banc). For comparators to be similarly situated, they do not have to be "nearly identical," but rather, "similarly situated in all material respects." *Id.* at 1218. Ordinarily, a similarly situated comparator will have engaged in the same basic misconduct as the

7

plaintiff, been under the same supervisor, shared the plaintiff's disciplinary and employment history, and been subject to the same employment policy. *Id.* at 1227–28.

The district court properly concluded that Stimson and Runyan were not similarly situated in all material respects. The only attribute they undisputedly shared was that they were both subject to the same employment policy—Stryker's no lie, no cheat, no steal policy.[4]  We briefly summarize the other factors below.

First, while Runyan and Stimson are arguably more similarly situated in their misconduct than as to the other factors, the district court did not err in concluding that their misconduct differed in certain material respects.  The basis of the misconduct that began the investigations differed—Runyan was accused of sexually harassing a nurse, while Stimson was accused of physically bullying Runyan and joking about his sexuality.  Additionally, while there was evidence that Stryker Human Resources (HR) concluded that Stimson was dishonest during its investigation, there was no such evidence as to Runyan.  When HR investigated Stimson as to his use of the name "Rodrigo," it already knew that Stimson had

---

[4] Stimson's argument that the district court erred in considering Stryker's objection to the R&R fails because, even if Stryker raised that argument for the first time in its objections, the district court had the discretion to consider it. *See Stephens v. Tolbert*, 471 F.3d 1173, 1175–77 (11th Cir. 2006) (per curiam) (finding that a district court has discretion to consider arguments not raised before a magistrate judge).  In any event, we decided *Lewis* after the magistrate judge issued the R&R.

used that name to bully Runyan. But, when Stimson was asked about it, he denied using the name. In contrast, when HR asked Runyan if he also used the name, he said that he did not remember but that he would search his phone to confirm. Shortly thereafter, Runyan provided copies of his text messages where he used the name. Thus, the evidence before the district court supported that Stryker believed that Runyan had not been intentionally dishonest about the "Rodrigo" issue, while Stimson had.

Second, the district court correctly recognized that Stimson and Runyan were supervised by two different individuals. Moreover, although HR investigated both Runyan and Stimson in linked investigations, it could not make the final decision to terminate either employee. The employees' different supervisors maintained this responsibility.

Third, the district court properly found that the two men did not share a substantially similar employment and disciplinary history. Stimson had worked for Stryker for several years, while Runyan was newer to the company. Stimson and Runyan had different job titles and duties. Stimson's job involved selling Stryker devices and Runyan was responsible for servicing equipment and training hospital staff. To that end, while Stimson serviced many Stryker customers and visited the hospital in question only a few times a month, Runyan only reported to that hospital for work. Further, as the district court noted, there was no evidence that

Runyan was ever formally reported for misconduct previously, while there was evidence that Stimson was reported for harassment in 2012.

Stimson and Runyan were not similarly situated in all material respects because, notwithstanding the dispute over the similarities in their misconduct, they undoubtedly differed materially as to their supervisor and employment and disciplinary histories. Accordingly, the district court properly granted Stryker's motion for summary judgment as to Stimson's age discrimination claim and we affirm as to this issue.

## III.

Courts have inherent authority to "police" the proceedings before them. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991). This authority is governed "by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 43. Courts can sanction parties who have acted in bad faith, vexatiously, wantonly, or oppressively. *Id.* at 45–46; *see also Purchasing Power,* 851 F.3d at 1225 (stating that a court should use its authority to rectify disobedience and vindicate judicial authority). A court may conclude that a party has acted in bad faith "by delaying or disrupting the litigation or by hampering enforcement of a court order." *Chambers*, 501 U.S. at 46 (quotation mark omitted). Appropriate sanctions for such a finding include dismissal or an award of attorney's fees. *Id.* at 45.

10

The district court did not abuse its discretion in ordering Stimson to pay Stryker's attorney's fees in litigating its motion for sanctions.  The district court applied the proper standard and made a finding that Stimson had acted in bad faith. *Id.* at 46.  In doing so, the district court considered the relevant evidence before it and made findings that were not unreasonable in light of the entire record. *Purchasing Power,* 851 F.3d at 1222.

The district court correctly found that Stimson acted in bad faith.  It is undisputed that Stimson did not provide the requested data from his phone until after the close of discovery, thus necessarily delaying the litigation.  *See Chambers*, 501 U.S. at 46.  Additionally, Stimson was disobedient to the district court in that he provided false testimony while under oath.  Lastly, Stimson never attempted to explain why he searched how to permanently delete data from his phone or why he downloaded several data erasing applications, which, on their own demonstrate a bad faith intent.  *See Chambers*, 501 U.S. at 46.

The district court did not abuse its discretion by determining that, under the circumstances, ordering Stimson to pay the costs of litigating the motion for sanctions was appropriate.  Accordingly, we affirm the district court's order of sanctions.

## CONCLUSION

For the reasons stated above, we affirm the district court's order granting summary judgement for Stryker as to Stimson's claims under Title VII and the ADEA.  We also affirm the district court's order directing Stimson to pay Stryker's attorney's fees for litigating its motion for sanctions.

**AFFIRMED.**