[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 22-12210

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ALLEN J. BUTLER, III,

Defendant-Appellant.

————————————

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:17-cr-00048-CG-1

————————————

Before NEWSOM, BRANCH, and EDMONDSON, Circuit Judges.

PER CURIAM:

Allen Butler, III, a federal prisoner proceeding *pro se*,[1] appeals the district court's denial of his *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). No reversible error has been shown; we affirm.[2]

In 2017, Butler pleaded guilty to escape, in violation of 18 U.S.C. § 751(A). Briefly stated, Butler escaped custody while awaiting a sentencing hearing for his 2016 conviction for being a felon in possession of a firearm. Butler was sentenced to 12 months' imprisonment on his escape conviction, to be served consecutive to Butler's 97-month sentence on his firearm conviction.

In 2021, Butler moved *pro se* for compassionate release under section 3582(c)(1)(A), as amended by the First Step Act.[3] Butler said his confinement during the COVID-19 pandemic prevented him from accessing unspecified "important programs" and caused him "substantial fear and anxiety of death."

---

[1] We read liberally briefs filed by *pro se* litigants. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). We also construe liberally *pro se* pleadings. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

[2] We address only the compassionate-release motion Butler filed in the district court seeking a reduced sentence for his 2017 escape conviction. To the extent Butler sought compassionate release in connection with his 2016 conviction and sentence for being a felon in possession of a firearm, that motion is outside the scope of this appeal.

[3] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

The district court denied Butler's motion based on three independent alternative grounds. The district court first determined that Butler had failed to demonstrate that he had exhausted his administrative remedies before filing his compassionate-release motion. Second, the district court determined that Butler had shown no extraordinary and compelling reason that would warrant compassionate release. The district court next determined that -- even if Butler could establish eligibility for compassionate release -- the 18 U.S.C. § 3553(a) factors did not support a reduced sentence.

We review for abuse of discretion the district court's decision about whether to grant or to deny a defendant compassionate release. *See United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *United States v. Khan*, 794 F.3d 1288, 1293 (11th Cir. 2015).

As amended by the First Step Act, section 3582(c)(1)(A) authorizes a district court to modify a term of imprisonment under these circumstances:

> [T]he court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights . . . may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).

We have said that a district court may reduce a defendant's term of imprisonment under section 3582(c)(1)(A) only if each of these three conditions is met: "(1) the § 3553(a) sentencing factors favor doing so, (2) there are 'extraordinary and compelling reasons' for doing so, and . . . (3) doing so

wouldn't endanger any person or the community within the meaning of § 1B1.13's policy statement." *See United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021). When the district court determines that a movant fails to satisfy one of these conditions, the district court may deny compassionate release without addressing the remaining conditions. *Id.* at 1237-38, 1240.

The policy statements applicable to section 3582(c)(1)(A) are found in U.S.S.G. § 1B1.13. *See* U.S.S.G. § 1B1.13; *United States v. Bryant*, 996 F.3d 1243, 1247 (11th Cir. 2021). The commentary to section 1B1.13 identifies four categories -- including a prisoner's medical condition -- that might constitute "extraordinary and compelling reasons" warranting a reduced sentence. *See* U.S.S.G. § 1B1.13 comment. (n.1). Pertinent to this appeal, Application Note 1(A) of section 1B1.13 provides that a prisoner's medical condition may warrant a sentence reduction if the prisoner (1) has a terminal illness, or (2) suffers from "a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within" prison. *Id.* § 1B1.13 comment. (n.1(A)).

As an initial matter, Butler's appellate brief -- construed liberally -- raises no challenge to the district court's determination that Butler failed to demonstrate that he exhausted his administrative remedies. We may affirm the district court's denial of compassionate release on that ground alone. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014) ("When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed."); *accord United States v. King*, 751 F.3d 1268, 1277 (11th Cir. 2014).

Even if we look past the exhaustion issue, however, Butler has failed to demonstrate that the district court abused its discretion in denying compassionate release. Never has Butler asserted -- and nothing evidences -- that his

anxiety or any other medical condition[4] has diminished substantially his ability to provide self-care while in prison.  And Butler's generalized assertion that he was denied access to "important programs" falls outside of the categories set forth in section 1B1.13.  Accordingly, Butler can demonstrate no extraordinary and compelling reason warranting relief.  *See* U.S.S.G. § 1B1.13 comment. (n.1(A)).

Nor has Butler shown that the district court abused its discretion in considering the section 3553(a) factors.  The undisputed facts show that Butler escaped custody while awaiting sentencing for being a felon in possession of a firearm and that -- when Butler was later recaptured -- he was found in possession of a large quantity of ammunition.  The nature and circumstances of Butler's underlying escape conviction support the district court's finding that a reduced sentence would be inadequate to reflect the seriousness of Butler's offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence, and to protect the public from future crimes.

In addition to demonstrating no exhaustion, Butler has failed to satisfy all three of the conditions necessary to justify a reduced sentence under section 3582(c)(1)(A).  The district court abused no discretion in denying Butler's motion for compassionate release.  *See Tinker*, 14 F.4th at 1237-38, 1240.

AFFIRMED.

---

[4] Butler asserts for the first time on appeal that he suffers from sleep apnea and is receiving inadequate treatment while in prison.  In deciding this appeal, we are limited to the record that was before the district court.  *See Stephens v. Tolbert*, 471 F.3d 1173, 1177 (11th Cir. 2006).  In any event, Butler has not alleged that his sleep apnea has diminished substantially his ability to provide self-care.